## GOOKIN v. RICHARDSON.

1. In order to pass the *legal* interest in a promissory note to a third person, and to invest him with a right of action in his own name, the transfer must be made by indorsement; and the indorsement of a receipt given by an attorney at law for a note placed in his hands for collection, will not pass to the assignee the legal title to the note, although the attorney, by an in-

dorsement on the receipt, promised to pay to him the proceeds when collected; and such an assignment does not impose upon the obligee the ne cessity of pursuing the same steps as are necessary to charge an indorser.

2. Where assignable or negotiable paper is transferred otherwise than by indorsement, that a debt due from the assignor to the assignee, might be extinguished by an agplication of the proceeds, the inference that if the notes were unproductive, the assignor would be chargeable upon the original consideration, may be repelled by countervailing proof, either oral or written.

Writ of Error to the Circuit Court of Lauderdale.

THIS was an action of assumpsit, which was tried on the *general issue*, a verdict returned for the plaintiff, and judgment rendered accordingly. On the trial, the defendant excepted to the ruling of the court. The plaintiff gave in evidence a paper purporting to be a receipt of one Brocchus, an attorney at law, to the defendant, for the collection of two notes therein mentioned; which receipt is in the following terms: "Rec'd, Florence, Ala. 18th March, 1844, for collection, of Mr. Charles Gookin. the following notes of hand, viz: one signed by Henry A. Bragg, dated 12th July, 1843, due one day after date, for the sum of $479 50; also, one other note, signed by H. G. Mitchell, dated 2d October, 1843, due one day after date, for one hundred dollars, with interest from 1st January, 1843." The defendant, by his indorsement on the receipt, assigned the notes therein described to the plaintiff, thus: "I assign the within notes to Mr. William A. Richardson, value rec'd, this 28th May, 1844." The plaintiff then proved by Brocchus, another indorsement on the receipt, of the following tenor, "In accordance with the above assignment, I will pay over the proceeds of the within mentioned notes, when collected, on account of Wm. A. Richardson to John Simpson & Co., Charles Gookin, the assignor, to pay the costs of collection. May 29, 1844.                    P. E. BROCCHUS."

Plaintiff then, to show due diligence in endeavoring to collect the notes, produced the records of two suits, from which it appeared that the defendant had recovered a judg-

ment on each, at the fall term of the circuit court of Lauderdale, holden in 1844; that executions were duly issued thereon, and returned "no property found." It was also proved, on tne part of the plaintiff, that the defendant was indebted to him in a much larger sum than the amount of the two notes, and that they were transferred in substitution of that indebtedness in the manner above stated.

The defendant then produced the account of the plaintiff against him, which was receipted, thus : "Rec'd payment, this 28th May, 1844, in full of all demands up to this date." Signed, "W. A. Richardson, per James Todd;" and also proved, that the notes in the hands of Brocchus were received by the plaintiff, without recourse to him if he should fail to collect them of their respective makers. This testimony was however excluded, on the ground that it went to vary or contradict the indorsement of the receipt.

The court charged the jury, that if they believed the evidence in the cause, and were satisfied that the assignment was made, as proved, for a pre-existing debt, and the plaintiff had used due diligence in prosecuting the suits on the notes to judgment, and had failed to collect the amount due thereon, then they must find for the plaintiff.

E. W. PECK, for the plaintiff in error, insisted, that the indorsement of the receipt of Mr. Brocchus, did not transfer the legal interest in the notes, but only conferred upon the assignee the authority to control the proceedings upon them, and to receive the money when collected. [Chitty on Bills, 131, note, 171, note; Story on Bills, 222; 1 H. Bla. Rep. 605.] The evidence that the assignment was made without recourse, does not contradict any written contract. [3 Ala. Rep. 610; 6 Id. 146, 249.] The charge of the court is erroneous; for conceding the truth of the evidence, and it does not sustain the declaration.

L. P. WALKER, for the defendant in error, contended, that the testimony excluded by the court went to vary the written contract by which the plaintiff became the proprietor of the notes; and was therefore rightly rejected. [8 Johns. Rep. 190; 19 Id. 313; 3 Stew. Rep. 271; 2 Porter's Rep.

308; 5 Id. 498; 2 Ala. R. 280; 3 Id. 610, 648; 8 Id. 250.] The bill of exceptions does not raise the question whether the notes were transferred by the indorsement of the receipt; if it does, it is insisted that the indorsement passed the title to the notes. [Story on Prom. Notes, 127; Story on Bills, 225; Chitty on Bills, 235; 3 Dana's Rep. 21; 2 Ala. Rep. 275; 9 Id. 30.] If a note is received in payment of a pre-existing debt, the party receiving it, if it is not paid, may maintain an action on the original consideration. [Chitty on Bills, 244; 7 T. Rep. 65; 2 Porter's Rep. 409; 1 Cow. R. 413; 1 Cranch's Rep. 181.] The note of a third person thus received is *prima facie*, a conditional payment—merely accepting such note, or giving a receipt in full for the debt, is not sufficient to prevent the recourse of the creditor, in the event of non-payment. [2 Caines Rep. 116; 5 Johns. Rep. 68; 9 Id. 309; 10 Pet. Rep. 534; 1 Smith's Lead. Cases and notes, 256.] Although the plaintiff does not declare as an indorsee, yet the indorsement was admissible under the common counts, and cannot be varied by parol proof in such case, any more than if it had been specially declared on. [1 Hawk's Rep. 195.] The notes being in suit when the transaction took place, they could not be assigned otherwise than by an indorsement of the receipt.

COLLIER, C. J.—According to the principles of mercantile law, a bill or promissory note payable to a certain person or his order, could only be transferred by indorsement, so as to enable the holder to maintain an action thereon in *his own name* against the previous parties. A mere assignment of such paper without an indorsement, will invest the holder with the same rights only, as he would acquire upon an assignment of a bill not negotiable; and if the *beneficial* interest be transferred, but there has been no indorsement, the action must be brought in the name of the payee. [Story on Bills, 222; Chitty on Bills, 9th Am. ed. 252; Gibson v. Minet, 1 H. Bla. Rep. 605; Pearse v. Hirst, 10 B. & C. Rep. 122; Peacock v. Rhodes, Doug. R. 633; Andrews & Bros. v. McCoy, 8 Ala. Rep. 920, 927.]

It is declared by a statute of this State, that all writings for the payment of money, or any other thing, may be as-

signed by indorsement, whether they are payable.to the order or assigns of the obligee or payee, or not; and the assignee may sue thereon in his own name.   [Clay's Dig. 381, § 6; see also, Id. 383, § 12.]

From this view of the law, it is entirely clear, that the legal title to the notes in the hands of Mr. Brocchus, did not pass to the plaintiff by the indorsements on the receipt.  The assignment of the notes, as evidenced by the defendant's indorsement on the receipt, did not authorize the assignee to hold the makers liable to him *ex directo*, though in equity it conferred all the title which the assignor had.  He might have controlled their collection, received the money, settled with, or released the makers, subject to any lien of the attorney.   The indorsement of Mr. Brocchus recognizes the act of the defendant, promises to pay the proceeds of the notes, when collected, on account of the assignee to Messrs. Simpson & Co., and look to the assignor to pay the costs of collection.

The contract then between the plaintiff and defendant is not analagous to an indorsement that is, it does not *prima facie* impose upon the assignee the necessity of adopting the same measures as are necessary to charge an indorser.   It may be conceded that whenever it was shown by extrinsic proof that the defendant was indebted to the plaintiff, and that the receipt was indorsed with the view of furnishing from the proceeds of the notes, the means of extinguishing this indebtedness, the presumption would arise, that if the notes were unproductive, then the assignor would be chargeable upon the original consideration.   But this presumption would be a mere inference of fact, and might be repelled or entirely removed by countervailing proof.   No rule of evidence would be violated by its admission—there is no writing indicating the contract between the parties, which would be contradicted, added to, or varied.   The evidence then, that the notes were assigned without recourse, or that the defendant should stand discharged from his indebtedness, although the plaintiff failed to realize the amount of them, serve but to show what was the contract between the parties.   In the absence of a writing showing this, by agreement of the parties, or by legal intendment and conclusion operating upon a

writing, the evidence was free from objection. The ruling of the circuit court is consequently erroneous—its judgment is therefore reversed, and the cause remanded.