# Carlson v. Erickson.

## Bill to Declare Resulting Trust.

(Decided Dec. 16, 1909.—51 South. 175.)

1. *Trust; Resulting Trust; Payment of Purchase Money.*—A trust arises in favor of one who pays part of the purchase money of land upon the understanding and consideration that he is to have a corresponding interest therein.

2. *Same; Evidence.*—In order to establish a trust in land on account of the payment of part of the purchase money he who seeks to establish it must make out his case by full, clear and convincing evidence.

3. *Statute of Frauds; Agreement to Sell Land.*—An oral agreement for the acquisition of title to a half interest in land purchased in the name of another is void under statute of frauds unless the party seeking to enforce it actually paid one-half of the purchase money in which event a trust arises in his favor.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Carl Carlson against E. W. Erickson to enforce a resulting trust in land. Decree for respondent and complainant appeals. Affirmed.

CARMICHAEL & WYNN, for appellant.—Under the facts in this case a resulting trust arose as to the forty acres of land in complainant.—*Sanders v. Steele,* 124 Ala. 415; *Carter v. Callan,* 83 Ala. 135. The principal laid down in the case of *Anthe v. Heide,* 85 Ala. 236; should control in this case. Even if no resulting trust arose the appellant is entitled to the decree vesting him with title to the forty acres on account of mistake, accident, surprise, undue influence, misrepresentation or one of these elements in combination with the other.—1 Storey, sec. 134; 16 Ves. Jr. 84; 138 U. S. 514; 98 U. S. 85; *Harden v. Ware,* 15 Ala. 149; 16 Cyc. 73-6.

[Carlson v. Erickson ]

FRANCIS D. NABERS, for appellee.—The burden was on the complainant to establish by clear, satisfactory and convicting proof the allegations of his bill.—2 Ency. of Evi. 943. When the contract is within the statute of frauds and is sought to be established by parol evidence, the evidence must be of a stronger character than when the contract is in writing.—*Westbrook v. Hayes*, 137 Ala. 572; *Wisenant v. Gordan*, 101 Ala. 250; *Allen v. Young,* 88 Ala. 338.

SAYRE, J.—Appellant, who was complainant in the chancery court, sought to have a resulting trust declared for his benefit to one-half of a certain 80-acre tract of land. His insistence was that he had furnished one-half of the first payment of the purchase money, and promised to pay one-half of the balance with the understanding and agreement that the beneficial ownership was to be as he sought to have it declared; the legal title having been taken in the name of the defend-ant. The bill set out certain alternative aspects of the facts; but, as complainant's evidence was adduced in support of the aspect named, the rest need not be considered. The parties are not disagreed as to the principles of equity applicable. Cases of this character have been not infrequently considered in this and other courts, and nothing more need be said than that, if complainant furnished a part of the purchase money on the understanding that he was to have a corresponding interest in the land, a trust must be decreed in his favor.—*Bates v. Kelly,* 80 Ala. 142; *Hodges v. Verner,* 100 Ala. 612, 13 South. 679; *Sanders v. Steele,* 124 Ala. 415, 26 South. 882. There is, therefore, practically but one question involved, and that is a question of fact.

We are asked by the complainant to give especial attention to the case of *Anthe v. Heide,* 85 Ala. 236, 4

South. 380. No principle of law there announced shall fail of full application here. That case, however, like this, turned upon a question of fact, and is not especially valuable as a precedent. It must be conceded that the testimony offered by the parties is in irreconcilable conflict. But the burden rests upon the complainant to establish his case by full, clear, and convincing proof, and this, we feel constrained to say, he has not done. We will not be expected to discuss the evidence in detail. It has been considered with much care in connection with the arguments of counsel, excluding from consideration that which ought to be excluded. There is no reason whatever to suppose that any mistake occurred in the deed from the Alabama Land Company in which defendant was the sole grantee. It was intended by all parties to be, as it was, a deed to the defendant alone.

Complainant's right to relief rests upon the fact, for which he contends, that he furnished one-half of the purchase money. This fact he must prove, for otherwise any agreement or understanding he may have had for the subsequent acquisition of title would be offensive to the statute of frauds. In our opinion, the complainant not only fails at this point, but the evidence, weighed as a whole, rather preponderates in favor of the position of the defendant, which is that complainant neither paid nor was able to pay one-half of the purchase money. The decree of the chancellor must therefore be affirmed.

Affirmed.

ANDERSON, McCLELLAN, and MAYFIELD, JJ., concur.