# Watkins *v.* Carter, *et al.*

### *Bill to Enforce Resulting Trust.*

#### (Decided Dec. 21, 1909.—51 South. 318.)

1. *Witnesses; Competency; Transaction with Deceased.*—Where the suit was to enforce a resulting trust in lands based on a transaction had with one then deceased, whose estate is interested in the result of the suit, the complainant is incompetent to detail various conversations and transactions had between he and the decedent.

2. *Trusts; Resulting Trusts; Enforcement; Conditions.*—A resulting trust cannot be enforced because of the purchase of land by one and the taking of title for himself unless the complainant shows that his money actually went into the purchase price.

3. *Same; Nature and Creation.*—Resulting trusts do not grow out of a contract to hold title to the land for a third party who advances all or part of the purchase money, and to constitute such a trust as to lands purchased by one party on behalf of himself and another with title taken in his own name, it is necessary to show payment by the other, or an absolute obligation to pay incurred by him as a part of the original transaction of purchase at or before the time of the conveyance.

APPEAL from Colbert Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Jacob Watkins against Sallie Carter and others to enforce resulting trust in land. Decree for respondent and complainant appeals. Affirmed.

KIRK, CARMICHAEL & RATHER, for appellant. The equity here sought to be enforced is one arising by operation of law not within the influence of the statute of frauds and capable of being established by parol.— *Hancy v. Legg,* 129 Ala. 625; 3 Brick. 785. The bill made a case of resulting trust.—*Lewis v. M. B. & L: Assn.,* 70 Ala. 276; *Anthe v. Hyde,* 85 Ala. 236; *Bates v. Kelly,* 80 Ala. 142; *Sanders v. The State,* 124 Ala. 418; *Martin v. Kelly,* 132 Ala. 202; *Bibb v. Hunter,* 79 Ala. 355.

[Watkins v. Carter, et al.]

GEORGE P. JONES and ALMON & ANDREWS, for appellee. The case made by the bill and evidence was not sufficient to establish a resulting trust.—*Allen v. Colyer,* 120 Ala. 251; *Burt v. Hunter,* 79 Ala. 351; *Butts v. Cooper,* 44 South. 616; 10 A. & E. Ency. of Law, 16; 4 Mayf. Sec. 239. In order to establish a resulting trust the proof must be satisfactory and convincing.—*Lee v. Browder,* 51 Ala. 288; *Burk v. Andrews,* 91 Ala. 360; *Bibb v. Hunter, supra; Holloway v. Wilkerson,* 43 South. 733.

MAYFIELD, J.—The bill is denominated by counsel for parties as one to enforce a resulting trust in land. The bill seeks to specifically enforce an agreement between the complainant and his deceased brother to purchase a tract of land from one Thompson and wife, as to which the title to the land was taken in the name of the deceased brother, but alleges that the purchase price was paid by both in pursuance of the contract to purchase, and prays incidentally that complainant be allowed to redeem as to his interest in the land. The material allegations of the bill are denied by the respondents, the widow and child of the deceased brother.

Much evidence was taken and introduced on the submission by both complainant and respondents, much of which was incompetent and illegal, especially that of complainant, detailing various conversations and transactions had between him and his deceased brother, William, whose estate is interested in the suit. Other parts of the testimony were purely hearsay, too indefinite and uncertain to be considered, standing alone, and much of it was not otherwise made certain or competent. The chancellor, in his opinion, states that he disregarded all such evidence, and did not pass upon each part of the testimony seriatim as to which objections were inter-

posed and rulings of the court invoked, and states that only the legal, relevant, and competent evidence was considered. On the final submission on the pleadings and proof, as noted by the register, the chancellor decreed that the complainant was not entitled to the relief prayed, and dismissed the bill without prejudice to the parties.

We have reviewed all the testimony carefully, and have reached the same conclusion as did the chancellor. It does, we think, certainly appear from the proof that complainant and respondents conferred with each other and with the vendors, Thompson and wife, as to the purchase of the land; but it does not appear that complainant paid any part of the purchase price before, or at the time of, the purchase, and as a part of the original purchase, or that he incurred any obligation to pay any part of the deferred payments. The evidence leaves the question in doubt as to whether any part of complainant's money paid any part of the purchase price, and, if any, how much. The evidence shows that the two brothers were jointly interested in a number of transactions, including this purchase in question; but it is not certain, by any means, as to the exact relation or nature of their joint enterprises. The variance certainly rebuts any inference that they were equally interested and that each paid one-half of the purchase price. Whatever their joint interest might have been, it was certainly not equal.

The true character of the transaction is left in entirely too much doubt and confusion from the oral evidence to furnish any just or certain basis for a decree declaring and enforcing a resulting trust, against all the written and documentary evidence, which shows that the purchase was made by William alone, and that he either paid himself, out of his own money, or borrowed, upon his own individual security, the money which was

[Watkins v. Carter, et al.]

paid as a part of the purchase price, and that he alone signed the notes for the deferred payments and furnished all the security that was furnished. It may be that complainant furnished him, or contributed, a part of this money paid by his deceased brother; but, if so, it is uncertain how much and under what conditions it was furnished. The evidence entirely fails to show that complainant paid any definite or adequate part of the purchase price or bound himself to pay any such part of the deferred payments, either to the vendors or his deceased brother. The evidence does tend to show that some of complainant's money was turned over to his deceased brother; but it does not clearly appear how much, or when, nor that it went into the land as a part of the purchase price. Unless complainant's money actually went into the purchase price of the land, and furnished an aliquot part thereof, a resulting trust cannot be enforced in accordance with the prayer of this bill.—*Bibb v. Hunter*, 79 Ala. 354; *Butts v. Cooper*, 152 Ala. 375, 44 South. 616.

Resulting trusts are creatures of the law, and do not grow out of contract to hold title to land for a third party, who advances all or a part of the purchase price. To constitute a resulting trust, such as is attempted in this case, it is necessary to show payment by complainant, or an absolute obligation to pay, incurred by him, as a part of the original transaction of purchase, at or before the time of the conveyance to his deceased brother.—Authorities supra; 3 Pom. Eq. Juris. pp. 199, 200, § 1037. This the proof wholly fails to do, and without which there can be no relief.

The decree of the chancellor must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.