(75 South. 960)
LUNSFORD v. EMPIRE REALTY & MORTGAGE CO. (6 Div. 489.)
(Supreme Court of Alabama. May 10, 1917. Rehearing Denied June 21, 1917.)

1. EQUITY ☼325 — PLEADING — PROOF OF AVERMENT—ADMISSION.
   Averment of bill admitted by the answer need not be proven.
   [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 641–647.]

2. MORTGAGES ☼292(6) — ASSUMPTION BY GRANTEE OF LAND — SUFFICIENCY OF EVIDENCE.
   In suit on a mortgage indebtedness against the grantee of the property, evidence *held* to show that the mortgage involved was assumed by the grantee.
   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 769, 770, 790.]

Appeal from Chancery Court, Jefferson County; A. H. Benners, Chancellor.

Suit by the Empire Realty & Mortgage Company against Nora L. S. Lunsford. From a decree for complainant, respondent appeals. Affirmed.

John C. Forney, of Birmingham, for appellant. Deedmeyer & Birch, of Birmingham, for appellee.

ANDERSON, C. J. This is an appeal from the final decree of the chancery court, and the cause was submitted upon the pleading and exhibits and the evidence of the complainant, the respondent offering no testimony. It is sufficient to say that the material averments of the bill were either admitted in the respondent's answer, or were, at least, prima facie proved by the evidence.

[1] Appellant's counsel argues that the averment that complainant was an Alabama corporation was not proven. This averment appears in paragraph 1 of the bill, and the respondent's answer admits said paragraph.

[2] It is also suggested that the proof does not show that this identical mortgage was assumed. The deed recited two existing mortgages aggregating $9,000. Pearl Maloney testified (record page 48), that there were but two mortgages on the property when the deed was made to the respondent, this one, and one to the Great Southern Insurance Company for $7,000. It is true that these two, upon their face indicate an indebtedness of $9,500 instead of $9,000, but some of the debt on the mortgage in question had been paid when the deed was made to the respondent, and it is evident that these are the two mortgages referred to in

the deed to the respondent as forming a part of the consideration of the said deed.

There was also evidence that the respondent was the grantee under the deed with such a knowledge as to make the recital therein as to the assumption of the mortgage indebtedness binding on her. Especially was the chancery court justified in this conclusion upon the complainant's proof, unexplained and uncontradicted by the respondent.

The decree of the chancery court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.