(117 So. 688)
### HICKS et al. v. BIDDLE.   (7 Div. 745.)

Supreme Court of Alabama.   April 5, 1928.

4

Thos. E. Orr, of Albertville, and O. D. Street, of Guntersville, for appellants.

A. E. Hawkins, of Ft. Payne, for appellee.

Brief did not reach the Reporter.

BROWN, J. (after stating the facts as above). The assignments of error question the integrity of the final decree granting relief to the complainant for failure of proof in two respects.

The first paragraph of the bill avers, among other facts, that "on the 5th day of October, 1917, orator T. W. Biddle was duly appointed and qualified as trustee in bankruptcy of the estate of said H. P. Hicks, and is now such trustee and brings this suit in his capacity as such trustee." These averments are denied by both of the respondents, and there is an absence of evidence proving, or tending to prove, these averments.

The rule in this jurisdiction in actions at law is that, unless the capacity in which the plaintiff sues is denied by special plea, this fact need not be proved. Espalla v. Richards & Son, 94 Ala. 159, 10 So. 137. The rule is justified, and in part is the outgrowth of our modified system of pleading in such actions which dispenses with the necessity of making profert, and in which the statute prescribes the form and limits the scope of the plea of the general issue, requiring special defenses to be specially pleaded (Code of 1923, §§ 9463, 9470; 2 Green. on Ev. § 338; L. & N. R. R. Co. v. Trammell, 93 Ala. 350, 9 So. 870), thus modifying the rule of pleading and practice prevailing at common law, requiring profert of the plaintiff's authority in the complaint and on the trial (2 Saunders Pl. & Ev. [Eng.] 498).

In equity cases the statute requires the bill to "contain a clear and orderly statement of the facts on which the suit is founded" (Code of 1923, § 6525), and authorizes all matters of defense to be incorporated in the answer and provides that the defendant "is not required to plead specially in any case" (Code of 1923, § 6547). Under the system it has been repeatedly held that the bill must clearly show the title and interest of the complainant in the subject-matter of the suit and a present right to sue, and, when he sets forth his title to relief, he cannot have a decree based upon another and different title. 21 C. J. 397, § 418; Rapier v. Gulf City Paper Co., 64 Ala. 330; Meadors v. Askew, 56 Ala. 584; 16 Cyc. 986. And he must establish by evidence every averment of his bill, not admitted, essential to his right to relief. White v. Wiggins, 32 Ala. 424; Lunsford v. Empire Realty & Mtg. Co., 200 Ala. 202, 75 So. 960; 21 C. J. 549, § 672; Robinson v. Griffin, 173 Ala. 372, 56 So. 124; 22 C. J. 74, § 17. These rules are applicable to proceedings by trustees in bankruptcy. 7 C. J. 269, § 432; Woodford v. Rice (D. C.) 207 F. 473; Pope v. Cantwell (D. C.) 206 F. 908; Hiscock v. Varick Bank of New York, 206 U. S. 28, 27 S. Ct. 681, 51 L. Ed. 945.

In such proceedings, when proof is made of the appointment of the trustee, it will be presumed that all proceedings leading up to the appointment were regular, and that he has complied with all the requirements of the law and is qualified to act. 7 C. J. 269, § 431; Breckons v. Snyder, 211 Pa. 176, 60 A. 575; Laubaugh v. Pa. R. R. Co., 28 Pa. Super. Ct. 247; Oliver v. Hilgers, 88 Minn. 35, 92 N. W. 511.

But where, as here, the complainant's appointment as trustee is denied by the answer of the defendants, he is not entitled to relief unless the averments of the bill are sustained by the proof. 7 C. J. 268, § 430; Van Houten v. Oliver (N. Y. Sup.) 91 N. Y. S. 36.

The appellants' other contention is that the testimony of the witness McPhail is purely hearsay as disclosed by his cross-examination, and, this testimony excluded, there is no proof that H. P. Hicks owed debts at the time he made the alleged voluntary transfer of property to his wife. Pertinent to this question, see City Nat. Bank of Decatur v. Nelson, 117 So. 681;[1] Davis v. Arnold, 143 Ala. 228, 39 So. 141; W. T. Rawleigh Méd. Co. v. Hooks et al., 16 Ala. App. 394, 78 So. 310; Yeend Adm'r v. Weeks et al., 104 Ala. 331, 16 So. 165, 53 Am. St. Rep. 50; Moog et ux. v. Barrow et al., 101 Ala. 209, 13 So. 665; Johnson et al. v. Pinckard & Lay, 196 Ala. 259, 72 So. 127; Henry v. Watson,

---

[1] Post, p. 90.

109 Ala. 335, 19 So. 413; Crawford et al. v. Kirksey, 50 Ala. 590; 21 C. J. 483, § 564.

The question first above stated and considered is conclusive against the complainant's right to relief, and, for this reason and the further reason that we are of opinion that the bill should now be dismissed, we pretermit further treatment of the other questions argued.

The suit has been pending and in progress for ten years; it has been twice submitted to the trial court for final decree on the pleadings and proof, the first decree being set aside and vacated on rehearing in the trial court for failure of proof, with leave to the parties to take and offer further proof. Under these circumstances, it would seem that the complainant has had full opportunity to present his case, and therefore we are of opinion that the decree of the circuit court should be reversed, and a decree here sustained dismissing the bill. It is so ordered.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

