144 So. 35

**J. A. OWENS & CO. v. BLANKS.**

**5 Div. 109.**

Supreme Court of Alabama.

Oct. 6, 1932.

Rehearing Denied Nov. 10, 1932.

Merrill, Jones, Whiteside & Allen, of Anniston, for appellants.

Hooton & Moon, of Roanoke, for appellee.

BOULDIN, J.

Brady Steen Blanks, appellee, filed her original bill against J. M. Atkins and J. A. Owens, doing business under the partnership name of Atkins & Owens, to establish a resulting trust in a one-half interest in 80 acres of land, known in the record as the Marbury Lands.

The cause was before us on appeal from a decree sustaining a demurrer to the bill. Blanks v. Atkins et al., 217 Ala. 596, 117 So. 193.

The bill was later amended to meet the defects pointed out in that decision, and making party respondent L. A. Owens successor in interest to J. M. Atkins, now deceased.

The present appeal is from final decree granting complainant relief as prayed.

■ To establish a resulting trust in lands, which in effect fixes and decrees a beneficial ownership in another than the grantee in the solemn muniment of title, the bill must disclose the facts upon which such trust arises; the allegations and the proof must correspond; and the evidence must be full, clear, and satisfactory. Heflin v. Heflin, 216 Ala. 519, 113 So. 535; Corley v. Vizard, 203 Ala. 564, 84 So. 299; Hicks v. Biddle, 218 Ala. 2, 117 So. 688; Carlson v. Erickson, 164 Ala. 380, 51 So. 175; Holt v. Johnson, 166 Ala. 358, 52 So. 323; Lehman v. Lewis, 62 Ala. 129; Tilford v. Torrey & Lockwood, 53 Ala. 120; Larkins v. Rhodes, 5 Port. 195.

■ A resulting trust, the holding of title by one with beneficial ownership in another, is a creature of equity, based upon the prima facie presumption that he who pays the whole or an aliquot part of the purchase price for lands becomes the beneficial owner. The doctrine does not rest on an express, but on an implied, agreement, by which the title is taken in the name of another as matter of convenience. No tort or breach of duty is involved in this form of trust. The conveyance, as made, may be in keeping with the common purpose of all parties.

■ But, in the nature of the case, as often declared, this beneficial ownership must arise at the time of the purchase, when the status of title becomes fixed. Since the trust arises from the payment of purchase money, such payment must ordinarily be made at the time of the purchase.

No subsequent transaction, resting in parol, by which a third person advances to the purchaser funds with which to pay his debt for purchase money, can create this form of trust. Such transaction can be treated only as a parol trust, void under the statute of frauds. Preston & Stetson v. McMillan, 58 Ala. 84; Lehman v. Lewis, 62 Ala. 129; Tilford v. Torrey & Lockwood, 53 Ala. 122; Guin v. Guin, 196 Ala. 221, 72 So. 74; Fowler v. Fowler, 205 Ala. 515, 88 So. 648; Miles v. Rhodes, 222 Ala. 208, 131 So. 633.

The time of purchase within the meaning of this rule has been declared to be when title, legal or equitable, passes out of the vendor and vests in the purchaser. Guin v. Guin, supra; Heflin v. Heflin, 208 Ala. 69, 93 So. 719.

■ Where the purchase is evidenced by an executory contract in writing, a portion of the purchase money being paid, balance to be paid in deferred installments, an equitable interest or title vests in the purchaser. Love v. Butler, 129 Ala. 531, 30 So. 735; Heard & Lee v. Heard, 181 Ala. 230, 61 So. 343; Bessemer Coal, Iron & Land Co. v. Bullard, 215 Ala. 433, 111 So. 5.

■ In such case, this court has approved the rule, that a party to such purchase, who makes the cash payment, or his aliquot portion thereof, and becomes absolutely bound for the deferred installments, and thereafter pays the same, the deed being taken in the name of another, a resulting trust arises. Bibb v. Hunter, 79 Ala. 351; Butts v. Cooper, 152 Ala. 375, 44 So. 616; Watkins v. Carter, 164 Ala. 456, 51 So. 318; Blanks v. Atkins et al., supra; 2 Pom. Eq. Jur. § 1037.

This is the case made by the present bill, as construed in our former decision. It avers that the land in question was purchased jointly by complainant and her brother, Lathing Steen, on or about March 10, 1920; that complainant paid one-half the initial payment; that she and her brother held certain purchase-money notes payable to them jointly, given by one Woodward for joint lands sold him of date March 2, 1920, which notes were delivered to these respondents as collateral security for money to be advanced by respondents to pay off the Marbury notes as they came due; that respondents collected these Woodward notes, paid off the Marbury notes, caused a deed to be executed to the brother alone, and then took a mortgage on same to secure his indebtedness to them, all with notice of complainant's equities.

■ The proof discloses that Lathing Steen purchased this Marbury land in December, 1919, made his written application, paid certain earnest money, taking a receipt to him alone; that, the balance on cash payment being paid, a lease sale contract in writing was made to him alone, and his individual notes given for the deferred payments.

Evidence tends to show that complainant furnished $40, one-half the initial payment; the weight of evidence being that this was handed her brother. The agent of the vendor denies any knowledge whatever of her connection with the purchase. Complainant's evidence negatives this, but it is admitted that such agent required that only one party be recognized in the transaction. That this complainant did not become bound to the vendor in any way for the purchase money is clear.

It is further clear that the Woodward notes were not then in existence, they were given March 2, 1920, and later indorsed in blank by both complainant and her brother to respondents.

Conceding, without deciding, that complainant's version of the transaction passing these notes to respondents is correct, it was a subsequent transaction, not made pursuant to an absolute obligation of this complainant incurred when the Marbury lands were purchased. Under the doctrines above stated, no case of resulting trust as averred is made out.

It is scarcely necessary to note that the bill makes no case for following trust funds into lands into which they were invested by a trustee, as discussed in Preston & Stetson v. McMillan, 58 Ala. 84, nor a case of conventional subrogation to a vendor's lien, discussed in Allen, Adm'r, v. Caylor, 120 Ala. 251, 24 So. 512, 74 Am. St. Rep. 31.

The decree is reversed, and one here rendered dismissing the bill. Appellee will be taxed with the costs in the court below as well as costs of the appeal.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.