168 So. 887

## DURDEN v. NEIGHBORS et al.

### 5 Div. 217.

Supreme Court of Alabama.

June 11, 1936.

Pruet & Glass and A. L. Crumpton, all of Ashland, for appellant.

Henry A. Teel, of Rockford, for appellees.

KNIGHT, Justice.

The appeal in this case is prosecuted by appellant, Mrs. Romie Durden, from a final decree of the circuit court, in equity, adjudging and decreeing that certain shares of stock in the Ohio Edison Company, an

Ohio corporation, standing in the name of Lucy Tom Moseley, and the dividends paid on said stock since the death of the life tenant, as well as two certain promissory notes executed by Mrs. J. B. Simmons to J. Tom Moseley, deceased, were the property of the estate of said J. Tom Moseley, freed of any claim, right, or interest of the appellant in said property.

It appears from the petition and the evidence in this case that J. Tom Moseley, late a resident citizen of Coosa county, died on or about May 14, 1928, leaving the said Lucy Tom Moseley as his surviving wife.

The will of the said J. Tom Moseley was duly admitted to probate and record in common form in the probate court of Coosa county in and by which, after directing the payment of his debts, and the appointment of his wife as executrix, without bond, he made the following disposition of his property: "(2) I will and bequeath to my beloved wife, Lucy Moseley, all my property, both real and personal and mixed during the life of the said Lucy Moseley, and at her death to be distributed share alike between my heirs-at-law, to-wit, Antoinette Moseley, Louise Simmons Barnes and Catherine Moseley."

It may be here stated that each of said legatees or distributees survived the testator.

The wife duly qualified as executrix of the will, but died some years thereafter without making a final settlement of her administration. Thereafter, the said R. O. Neighbors was appointed administrator of the said estate with the will annexed. On his petition the administration of the estate was removed from the probate court to the circuit court, in equity.

It also appears that the said Lucy (Tom) Moseley, by her last will and testament, after making small bequests to each of her brothers, devised and bequeathed all her property to her sister, the appellant, stating in the will that she was actuated thereby because of her appreciation of the services rendered her by her sister during her illness, and love and affection. It is in virtue of this will that the appellant claims the property involved in this litigation.

After the death of her husband, and her qualification as his executrix of his will, the said Lucy Moseley surrendered 25 shares of stock in the Northern Ohio Power & Light Company, standing in the name of her husband at the time of his death, and accepted, in lieu of said shares of stock, the 25 shares of stock in the Ohio Edison Company, a successor by agreement of consolidation to the Northern Ohio Power & Light Company. No consideration for this new stock was paid by her, and the new stock was issued, not in her name as executrix, but in her individual name, and the only consideration for the issuance of the new stock was the surrender of the old stock.

It also appears, both from the averments of the bill and the testimony, that, after the death of Mrs. Lucy Moseley, the appellant, in the supposed right of her succession, under the will of Mrs. Moseley, to the title to the stock in the Ohio Edison Company, collected a large number of dividends paid on said stock.

This stock never reached the possession of Mrs. Durden, the appellant, nor was it ever transferred or indorsed to her. It also appears that under the laws of Ohio said certificate of stock is negotiable by indorsement and delivery, and a holder in good faith for value and without notice will be protected as a bona fide purchaser against undisclosed equities.

The purpose of the bill or petition in this cause, filed by the administrator, with the will annexed, of the estate of said J. Tom Moseley, was and is to reach, and subject to the payment of the debts of said estate, and due distribution, the said 25 shares of stock in the Ohio Edison Company, and the dividends paid thereon since the death of Mrs. Moseley, and also the notes executed to said J. Tom Moseley by Mrs. Simmons.

To this bill Mrs. Durden filed answer and cross-bill, in and by which she claimed that the stock in the Northern Ohio Light & Power Company, issued to and in the name of the said J. Tom Moseley, was purchased with the moneys of his wife, the said Lucy Moseley, and for her benefit, and was in equity the property of the wife, and passed to the cross-complainant under the will of Mrs. Moseley; that if mistaken in this contention, then, that by the will of J. Tom Moseley, deceased, Mrs. Moseley had the right to consume in her suport or otherwise dispose of said property; and, if mistaken in these contentions, that she, the cross-complainant, was a bona fide purchaser of the shares of stock and paid full value therefor by her services rendered to Mrs. Moseley during her long illness.

The chancellor disallowed the several claims to the stock made by Mrs. Durden,

and decreed that the 25 shares of stock issued by the Ohio Edison Company, as well as the notes ·of Mrs. Simmons, were the property of the estate of said J: Tom Moseley, deceased, and also rendered a decree against Mrs. Romie Durden, both individually and as executrix of the will of Mrs. Moseley, in favor of the administrator of the estate of J. Tom Moseley, for the sum of $455.98, being the amount of dividends collected on said stock by Mrs. Durden since the death of Mrs. Moseley.

It is clear that by the terms of the will of J. Tom Moseley, deceased, a life estate only in his personal as well as real property was given his wife. And, of course, she could not sell or dispose of it in any way, so as to invest her purchaser with any greater or better title than she had, or acquired by the will, the source ·of her title.

■ If the shares of stock originally issued to him by the Northern Ohio Power & Light Company were in fact the property of J. Tom Moseley, deceased, and not the property of the wife, Mrs. Moseley, she, whether acting as executrix or as tenant for life, committed a conversion of said stock when she surrendered it, and accepted in its stead 25 shares of the stock of the Ohio Edison Company. In such a situation, the administrator of the estate of Mr. Moseley, in succession to Mrs. Moseley, as executrix, could pursue and recover the trust property, or the property into which it had been converted, so long as it could be identified, unless, of course, some one in good faith, for value, and without notice of the rights of the real owner, had acquired the title to said property. Hanover National Bank of New York v. Thomas, Sup't of Banks, 217 Ala. 494, 117 So. 42; Woco Pep Co. of Montgomery v. Montgomery, Sup't of Banks, 227 Ala. 261, 149 So. 692; Bank of Florence v. United States Savings & Loan Co., 104 Ala. 297, 16 So. 110.

■ Mrs. Moseley, as a life tenant, was a trustee in the broad sense that she could not injure or dispose of the property to the injury of the remaindermen. 21 Corpus Juris § 73, page 941; Abney v. Abney, 182 Ala. 213, 62 So. 64; Peters v. Rhodes, 157 Ala. 25, 47 So. 183; 16 Cyc. pages 616, 617.

■ As the executrix, Mrs. Moseley was not only the personal representative of the decedent, but was also, to an extent, the representative of the creditors, and of the legatees or distributees. She occupied a position of trust to those interested in the estate. 23 Corpus Juris § 387, pages 1170-1; Amos, Trustee, v. T. J. Toolen, Bishop of Mobile, et al., post, p. 587, 168 So. 687.

It is insisted by Mrs. Durden, the cross-complainant, however, that the stock in the Northern Ohio Power & Light Company, issued to and standing in the name of J. Tom Moseley, the husband, was in fact purchased with the money of his wife, Mrs. Lucy Moseley, either in whole or in part, and that a resulting trust was created in favor of the wife in the stock.

■ It has been uniformly held by this court that to establish a resulting trust in lands, which in effect fixes a beneficial ownership in another than the grantee in the muniment of title, the bill must disclose the facts upon which the trust arises; the allegations and proof must correspond; and the evidence relied upon to establish the fact must be full, clear, and satisfactory. Heflin v. Heflin, 216 Ala. 519, 113 So. 535; Corley v. Vizard, 203 Ala. 564, 84 So. 299; Hicks v. Biddle, 218 Ala. 2, 117 So. 688; Carlson v. Erickson, 164 Ala. 380, 51 So. 175; Holt v. Johnson, 166 Ala. 358, 52 So. 323; Lehman v. Lewis, 62 Ala. 129; Tilford v. Torrey & Lockwood, 53 Ala. 120; Larkins v. Rhodes, 5 Port. 195; Owens & Co. v. Blanks, 225 Ala. 566, 144 So. 35.

The same rule applies with equal force to bills filed to declare a resulting trust in personal property. Mandelcorn v. Mandelcorn, 228 Ala. 590, 154 So. 909, 93 A.L.R. 322.

We have carefully considered all the evidence in this case, without indulging any presumption in favor of the finding of the court below, and we confess our inability to find any evidence in this record which in the slightest degree supports, or tends to support, the insistence made that ·the stock purchased by Mr. Moseley in the Northern Ohio Power & Light Company was in fact purchased, either in whole or in part, with moneys of his wife. So far as the evidence discloses, it was purchased by him with moneys of his own.

It follows that as to any claim to a resulting trust in favor of Mrs. Moseley, the asserted claim must fail for lack of proof to support it.

■ There is also no merit in appellant's contention that she was a purchaser for value of the certificate of stock in the

Ohio Edison Company. It is true that under the statutes of Ohio these certificates are to be regarded as negotiable instruments; but it is provided by the statute of Ohio, introduced in evidence in the cause, that the title to a certificate and to the shares represented thereby can be transferred only (a) by a delivery of the certificate indorsed either in blank or to a specified person by the person appearing by the certificate to be the owner; or (b) by delivery of the certificate and a separate document containing a written assignment of the certificate or power of attorney to sell, assign, or transfer the same or the shares represented thereby, signed by the person appearing by the certificate to be the owner of the shares represented thereby. Such assignment or power of attorney may be either in blank or to a specified person.

All other considerations aside, the appellant does not bring her claim to be a bona fide purchaser within the provisions of the statute, for confessedly there can be no such status as a bona fide purchaser so as to cut off equities, unless, in acquiring title to the chose in action, the legal as well as the equitable title passes to the purchaser. 8 Corpus Juris § 575, page 388; Goodkin v. Richardson, 11 Ala. 889, 46 Am.Dec. 232; Andrews v. McCoy, 8 Ala. 920, 42 Am.Dec. 669; Elgin City Banking Co. v. McEachern, 163 N.C. 333, 79 S.E. 680; Planters' & Merchants' Ins. Co. v. Tunstall, 72 Ala. 142; Code, § 9075.

There is no error in the decree rendered by the court below, and it will be here affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.