63 So.2d 348
## HOOKS v. HOOKS.
### 6 Div. 464.

Supreme Court of Alabama.
Feb. 26, 1953.

Silberman & Silberman, Birmingham, for appellant.

428

Adams & Adams, Birmingham, for appellee.

MERRILL, Justice.

The appeal in this case is from a decree of the Circuit Court, in Equity, of the Tenth Judicial Circuit, in which the court overruled the demurrers as amended to the bill of complaint.

The facts are taken from the statement of the case in brief of appellant, as follows:

"The facts are that on June 6, 1951 the appellee filed the bill against the appellant to have a resulting trust declared in appellee's favor for a one-half interest in certain real estate. Appellee in her bill of complaint avers that in 1945 one Mette Helene Hutchinson conveyed the full interest in the said real estate jointly to appellee and her son, the appellant; that prior to to-wit, January 9, 1945, the appellee contracted the agent of the grantor, and made arrangements with the said agent, one Oliver Henderson, an attorney-at-law of Birmingham, Alabama, to purchase said real estate for $1700.-00, being $500.00 cash and the execution of a purchase money mortgage to secure the additional $1200.00 and the signing of forty-eight notes in the total amount of $1200.00. Appellee further averred that she paid $100.00 at said time and then later on to-wit, January 9, 1945, paid the additional $400.00 and that she, together with the appellant, signed the note and mortgage to secure the balance of the purchase price; that on said date, when the $400.00 was paid the appellee, together with her husband and the appellant were present in the office of the said Oliver Henderson; that at the time, the appellant requested his name be placed on the deed and that the appellee, being ignorant of real estate matters and having no reason to distrust the appellant, who is her son, 'did not say anything' but that it was then and there understood that the appellee was the purchaser and was to be the sole owner of the said property and that no gift was intended to be made to the appellant of any part of the property or any interest therein and that the appellant did not claim to be the owner of any part of said property or any interest therein and that it was not intended at said time that the appellant was to be the owner of said property or any interest therein.

"Appellee further averred that a deed was executed by the said grantor conveying said property to appellant and appellee and a copy of the said deed was attached as exhibit A to appellee's bill which deed shows to have been executed in the State of Florida, Duval County, on January 9, 1945. Appellee further averred that she paid said $500.00 from her own funds and the balance of $1200.00 from her own funds and that the appellant at no time paid any part of the purchase price; that appellee remained in possession of the property and paid taxes thereon and that appellant was not in possession of said property until about the first of January, 1951 at which time he began to assert a claim of ownership to a one-half interest in and to said property and against the protest of the appellee. Appellee in her prayer asks that a resulting trust be declared in her favor for said one-half interest of which the appellant in said deed mentioned heretofore is shown to have legal title.

"To the bill, the appellant filed an original demurrer and amendment to demurrer. Among the grounds of demurrers were: There is no equity in the bill; the bill does not allege any mistake made in the execution of the deed; the bill does not show the date when the alleged transaction was closed; that the bill does not show any fraud on the part of the respondent; for that the deed was executed with the consent of the complainant; that the complainant has an adequate remedy at law; that no undue influence by the respondent of the complainant was shown; for that the averments as to the intentions at the time of the alleged transaction are mere conclusions of the pleader; that there was lack of clarity throughout the bill; for that there is no presumption of a resulting trust where deed is made in favor of a child and consideration is paid by a parent; for that the law presumes that there is a gift when the parties concerned are parent and child; for that it was not affirmatively stated that it was intended at the time the deed was delivered that the respondent was not to have any interest in the property."

In J. A. Owens & Co. v. Blanks, 225 Ala. 566, 144 So. 35, 36, the Court said:

"To establish a resulting trust in lands, which in effect fixes and decrees a beneficial ownership in another than the grantee in the solemn muniment of title, the bill must disclose the facts upon which such trust arises; the allegations and the proof must correspond; and the evidence must be full, clear, and satisfactory. Heflin v. Heflin, 216 Ala. 519, 113 So. 535; Corley v. Vizard, 203 Ala. 564, 84 So. 299; Hicks v. Biddle, 218 Ala. 2, 117 So. 688; Carlson v. Erickson, 164 Ala. 380, 51 So. 175; Holt v. Johnson, 166 Ala. 358, 52 So. 323; Lehman v. Lewis, 62 Ala. 129; Tilford v. Torrey & Lockwood, 53 Ala. 120; Larkins v. Rhodes, 5 Port. 195.

"A resulting trust, the holding of title by one with beneficial ownership in another, is a creature of equity, based upon the prima facie presumption that he who pays the whole or an aliquot part of the purchase price' for lands becomes the beneficial owner. The doctrine does not rest on an express, but on an implied, agreement, by which the title is taken in the name of another as matter of convenience. No tort or breach of duty is involved in this form of trust. The conveyance, as made, may be in keeping with the common purpose of all parties.

"But, in the nature of the case, as often declared, this beneficial ownership must arise at the time of the purchase, when the status of title becomes fixed. Since the trust arises from the payment of purchase money, such payment must ordinarily be made at the time of the purchase."

Also in the case of Albae v. Harbin, 249 Ala. 201, 30 So.2d 459, 461, the Court stated as follows:

"But 'equity * * * disregards form for substance, seeming for reality.' Averett v. Averett, 243 Ala. 357, 10 So.2d 16, 18. In cases of this kind the deed is always to another and indicates that the grantee therein is the purchaser. If the deed and its recitals must control as against testimony that the purchase was for another who paid the purchase price, then in many instances proof of the truth would be cut off and the doctrine of resulting trusts substantially destroyed."

The bill in the instant case alleges that the appellee made the cash payment and the deferred payments; that the deed was made to her and to the appellant at the time the cash payment was made; that present at that time were the attorney for the grantor, the appellee, her husband and the appellant; that it was then and there understood that the appellee was the purchaser and was to be the sole owner of said property, and that no gift was intended to be made to the appellant of any part of the property or any interest therein, and that appellant did not claim to be the

430

owner of any part of said property or any interest therein, and it was not intended at said time that the appellant was to be the owner of said property or any interest therein. The bill also stated that the appellant signed the note and mortgage to secure payment of the purchase price on said property as an accommodation to his mother, the appellee.

■ Appellant insists that there is a presumption of gift or advancement since the relationship of appellee to appellant is that of mother and son. The authorities agree that the presumption does arise in such relationships, but that this presumption may be overcome by proof and that the intention of the parties must control.

"Where the purchase price is paid by husband or father out of his own funds, and conveyance taken in the name of wife or child, the presumption is that a gift or advancement is intended. This presumption may be overcome by proof that no gift or advancement was intended. This also, according to the authorities, must be clearly and convincingly shown in such cases. It is the intention of the parties in such cases that must control, and what that intention was may be the subject of proof." Montgomery v. McNutt, 214 Ala. 692, 108 So. 752, 754; 65 Corpus Juris 417–419.

■ ■ As stated above, the bill clearly alleges that no gift was intended and appellant received no interest in the property. The bill in this cause met the requirements prescribed in the decisions cited above. The fact that the bill has been held sufficient as against demurrer does not relieve the complainant of the burden that "the allegations and the proof must correspond; and the evidence must be full, clear, and satisfactory", J. A. Owens & Co. v. Blanks, supra,—or "the proof must be clear, full, satisfactory and convincing." Lehman v. Lewis, 62 Ala. 129.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.