84 So.2d 354

### Bernard HOOKS

v.

### Lula HOOKS.

### 6 Div. 721.

Supreme Court of Alabama.

Nov. 28, 1955.

Rehearing Denied Jan. 12, 1956.

Adams & Adams and Jos. W. Adams, Birmingham, for appellee.

Silberman & Silberman and Louis Fleisher, Birmingham, for appellant.

GOODWYN, Justice.

Appeal by respondent from a final decree in equity declaring a resulting trust in certain real property in favor of appellee, complainant below. Incident to the granting of such relief the decree awarded to respondent (appellant), out of the lands here involved, an acre tract on which respondent

had built a home. The position taken by appellant is that the trial court erred (1) in decreeing a resulting trust in favor of appellee, and (2) in failing to award to appellant that part of the land on which a store building is located. It is apparent that the award of the one-acre tract to appellant, and refusal to award that part of the land on which the store building is located, resulted from an effort by the court to adjust the equities between the parties. Whether the trial court erred in the two respects indicated are the questions for decision.

This is the second appeal in this case. On the first appeal we affirmed the trial court's decree overruling demurrer to the bill. Hooks v. Hooks, 258 Ala. 427, 63 So.2d 348. Respondent then answered the bill and evidence (except for deposition of one witness) was taken orally before the chancellor.

The averments of the bill and the law applicable to the relief sought by the bill are sufficiently stated and discussed in the prior opinion, Hooks v. Hooks, supra, to which reference is made.

In his answer, appellant denied most of the material averments of the compaint, alleging, in substance, the following (as taken from appellant's brief):

"* * * that he first negotiated with the attorney, Oliver Henderson, for the purchase of the property involved in this case; that it was discussed between appellant and his mother (appellee); that if the property were purchased for $1,700, improvements would be made thereon, a building adapted for a store, and appellant would sign the notes with appellee, furnish money for improving the residence on the premises and furnish capital for the commencement of a mercantile business; that it was agreed between appellant and appellee before the deed was executed that appellant would furnish money to improve the dwelling to be occupied by appellee and her husband, to construct a new building for a store, and for capital with which to open the store; that in all such discussions it was understood between appellee and appellant that the lands were to be conveyed to and owned by appellant and appellee as joint and equal owners; that appellee fully understood that the deed named appellee and appellant as joint grantees.

"The appellant further alleged that he did join in the execution of the forty-eight notes and the mortgage for $1,200.00, constituting partial payment for said property; that he did furnish money for a new house after it was decided not to improve the existing one and did furnish money for construction of a store and the purchase of goods therefor; that the store business was at first joint between appellant and appellee, but at a later date was all turned over to appellee; that appellee paid one or more of said notes and that practically all of said notes and taxes on said property were paid out of said business and from the rental of another house on the said property.

"Appellant also alleged that he at all times claimed to be the owner of an undivided one-half interest in said property and had equal possession with appellee; that relying upon such interest, appellant spent large sums of money in the repair and improvement of the premises; that appellant also erected a dwelling for himself without any protest on the part of appellee who allowed it without claiming sole ownership and that, with her knowledge and without her objection, he spent large sums of money to-wit, $10,000.00 in the erection of such home for himself; and that appellee should be estopped from claiming appellant is not the owner of said undivided one-half interest in said property."

The final decree contains the following pertinent findings:

"The deed was made to her [complainant] and to the respondent. The purpose of the bill is to declare a resulting trust in the respondent in favor of the complainant to an undivided one-half interest in and to said prop-

erty. The evidence is clear that complainant paid all of the purchase price, unless, perhaps, one $25.00 note as to which the testimony is in conflict. The respondent, however, did do considerable work for complainant in and about the improvement of said property and furnished some money in connection therewith. The Court is of the opinion, however, that it was never intended that respondent own an undivided one-half interest in and to the property, but that the seller required respondent to sign the note and mortgage because he was employed at the time and complainant had little, if any, income or earning capacity. The respondent, however, told the scrivener to 'put his name in the deed' at the time the transaction was closed.

"After complainant had moved on the premises, respondent began to assert some interest therein. Complainant advised him that he had no interest, but that if he wanted to build thereon, select a lot and she would make him a deed to it. Presumably, this was to settle the argument between the parties. Respondent selected a lot on the property as complainant suggested, and built a relatively expensive house thereon. Respondent had the lot surveyed and a deed prepared and presented to his mother for signature. She refused to sign it. No valid reason appears for her not executing the deed. She stated that she did not execute it because he had the deed prepared, which she intended to do herself.

"At the end of the hearing, the Court was of the opinion that respondent had no interest in the property by virtue of the original deed, but complainant had accepted considerable money, work and labor from respondent in connection with improvement of the property and had permitted him to build a home thereon, stating that she would give him a deed to the property upon which he built. Relying upon this promise, respondent built a home, and had a survey made but complainant refused to execute a deed thereto. Complainant in her bill submitted herself to the Court and offered to do equity. As a condition precedent to the relief herein, (as the Court announced from the bench, and that if a survey of the property upon which respondent built his home was put into the evidence) the Court would divest title to the property on which respondent's house stood out of complainant and invest it in the respondent. Whereupon counsel for complainant stated that complainant would execute a deed to the respondent conveying said property. This has been done and the deed turned over to the Court for delivery to the respondent's counsel as his agent, which is done contemporaneously herewith. * * *"

■ We have given careful consideration to the evidence and are of the opinion that it amply supports the findings of the chancellor, thus warranting the decreeing of a resulting trust in favor of appellee. Hooks v. Hooks, supra. In so concluding we have given due consideration to the applicable presumption that, where the relationship of parent and child exists, as here, a gift or advancement by the parent to the child is intended, Hooks v. Hooks, supra; Adams v. Griffin, 253 Ala. 371, 373, 45 So.2d 22; Montgomery v. McNutt, 214 Ala. 692, 108 So. 752; and to the rule that " 'the allegations and the proof must correspond; and the evidence must be full, clear, and satisfactory' ". Hooks v. Hooks, supra [258 Ala. 427, 63 So.2d 350]; J. A. Owens & Co. v. Blanks, 225 Ala. 566, 144 So. 35.

Appellant insists that there can be no resulting trust in favor of appellee since appellant incurred an absolute obligation to pay a substantial part of the purchase price by executing, together with appellee, the purchase money mortgage securing payment of the greater portion of the purchase price. It is further argued that "it does not avail appellee anything that she paid the deferred portion of the purchase price" because "the interest of the parties in the

real estate was determined when the transaction was closed, insofar as the doctrine of 'resulting trust' is concerned." In support of this appellant cites the following cases: Talley v. Talley, 248 Ala. 84, 26 So. 2d 586; Upchurch v. Goodroe, 242 Ala. 395, 6 So.2d 869; Watkins v. Carter, 164 Ala. 456, 51 So. 318; Carlson v. Erickson, 164 Ala. 380, 51 So. 175; Butts v. Cooper, 152 Ala. 375, 44 So. 616.

■■ The principle approved in those cases is that "to constitute a resulting trust it is necessary to show payment by complainant, or an absolute obligation to pay, incurred by him, as a part of the original transaction of purchase, at or before the time of the conveyance". As we view the case before us appellee satisfies every element of the stated principle. We think it sufficiently appears from the proof that appellee made the partial payment on the purchase price before, or at the time of, the purchase, and as a part of the original purchase, and that she incurred, at the time of the conveyance, as a part of the original transaction of purchase, an absolute obligation to pay the deferred payments due under the purchase money mortgage; and further that she paid said deferred payments. The fact that appellant was also obligated to pay the deferred payments due under the purchase money mortgage does not affect the situation, insofar as the right of appellee, under the circumstances of this case, to have a resulting trust decreed in her favor is concerned. Of course, if the intention had been that respondent should be a joint owner of the property with complainant there could not be a resulting trust in favor of complainant even though she paid the entire purchase price. However, it being found that no such intention existed, but that there was an intention to the contrary, and it being further found that appellee paid the purchase price, including the deferred payments which she became absolutely obligated to pay as a part of the original transaction of purchase at the time of the conveyance, we are constrained to hold that the decreeing of a resulting trust in favor of complainant was without error. There is no occasion to discuss what rights appellant would have had with respect to a security interest in the land to secure him for any payments which he might have made on the deferred portion of the purchase price. See, Scott on Trusts, Vol. III, §§ 456, 456.1, 456.2, 457, pp. 2297–2303.

■ As already noted, the chancellor, in adjusting the equities between the parties, awarded to appellant a tract of one-acre on which he had built a home. Appellee does not question this action. However, appellant insists that he should also have been awarded the land on which is located a store building. We have given careful consideration to the evidence. While it may be that appellant paid for the construction of the store building, we find no basis for saying that the chancellor, in adjusting the equities between the parties, did not fairly compensate appellant by awarding to him the tract on which he had built a house.

From what we have said it follows that the decree is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MAYFIELD, JJ., concur.