BRADLEY, Judge.
This is a divorce case.
The husband filed suit for divorce on January 10, 1979. The parties were married for approximately four years. The wife is forty-seven years of age and the husband is seventy-three. After a hearing, the trial court divorced the parties for incompatibility of temperament and made a property division. The new trial motion was denied and the wife appeals.
Before considering the merits of the appeal, we must decide a preliminary matter. The wife has moved this court to strike certain matter from appellee’s brief on the ground that such material is not a part of the evidence presented to the trial court.
The motion is denied, but we wish to assure the appellee that this court will not consider any material that is not a part of the record made in the trial court.
Accordingly, the only issue for consideration on this appeal is whether the trial court committed error in disposing of the home-place.
The rule is well established that we review a judgment by a trial court in divorce cases with a presumption of correctness where the court had heard the testimony and viewed the witnesses. Weed v. Weed, Ala.Civ.App., 358 So.2d 459 (1978).
After the ore tenus hearing, the trial court found a resulting trust in favor of the husband in the homeplaee based on the trial court’s conclusion that the property had been purchased primarily with funds of the husband for the use and benefit of both husband and wife. The trial court then held that each party owns an undivided one-half interest in the property. The court then ordered the homeplaee sold and the net proceeds divided equally between the parties. The wife was ordered to make the mortgage payments pending the sale; however, she was given the sole use and occupancy of the house until the sale was completed.
The property in question was purchased by the parties in 1976 after their marriage for $40,500. Title to the property was taken in their joint names with right of surviv-orship. The evidence shows that both par *116 ties contributed to the purchase price, with the husband contributing more than one-half of that amount. The evidence also shows that the husband paid out about $6,000 for repairs and improvements to the homeplace during the time the parties owned it.
Prior to the divorce, the husband, at the insistence of the wife, conveyed to her his one-half interest in the homeplace for a consideration of $100 in cash, assumption of the remaining mortgage payments, and the hope that the sale would save the marriage.
The parties also purchased three other parcels of real property during the marriage which are adjacent to the homeplace. The wife contributed most of the funds for the purchase of these properties, and title is in her name alone. The purchase price for the three parcels totaled $24,750. The trial court awarded the wife this property in the divorce decree. The wife was also allowed to keep cash assets in excess of $50,000 which she brought into the marriage.
The evidence showed that the husband not only contributed to the purchase of the homeplace, but paid out a sizeable sum for repairs and improvements, as well as making some payments on the three adjacent parcels of property. There was also evidence indicating that during the marriage the husband provided the primary support of the parties with the wife spending her salary as she pleased.
The wife contends that the trial court committed reversible error in declaring a resulting trust in the homeplace.
The law in Alabama concerning resulting trusts states that they arise only where one has purchased property with the funds of another and has taken title in himself. Ledbetter v. Ledbetter, 271 Ala. 629, 126 So.2d 477 (1961). It is necessary to show payment by the one claiming the benefit of the trust, or an absolute obligation to pay, incurred by him as a part of the original transaction of purchase at or before the time of conveyance. Hooks v. Hooks, 264 Ala. 66, 84 So.2d 354 (1955). The degree of proof required to establish a resulting trust must be so clear, strong, unequivocal and unmistakable as to establish the fact beyond reasonable doubt. Dorman v. Knapp, 284 Ala. 387, 225 So.2d 799 (1969).
In the instant case, the purchase price for the homeplace was paid by both parties and at the time of the purchase title was taken jointly. Later, at the insistence of the wife, the husband conveyed his one-half interest in the property to the wife for $100 cash, the wife’s agreement to assume the remaining mortgage payments on the property, and the hope that the transfer to his wife of his interest in the property would save the marriage. We think it clear that the above facts do not establish a resulting trust as defined by the above cited cases. Furthermore, we do not think the evidence was “so clear, strong, unequivocal and unmistakable” as to establish the existence of a resulting trust. Thus we conclude that the trial court erred in impressing the homeplace with a resulting trust for the benefit of the husband. Consequently, we conclude that our only alternative is to reverse the trial court’s decision. However, we should not be understood as holding that the trial court is precluded from ordering a sale of the homeplace and dividing the net proceeds equally between the husband and wife. Whether the property to be divided is the separate property of the wife is a factual matter to be determined by the trial court. Foreman v. Foreman, Ala.Civ.App., 379 So.2d 89 (1980). Furthermore, the division of property, after consideration of the equities and contribution of the parties, is a matter for the exercise of the discretion of the trial court and will not be disturbed on appeal except upon a showing of palpable abuse of that discretion. Caldwell v. Caldwell, 54 Ala.App. 479, 309 So.2d 833 (1975).
That aspect of the trial court’s judgment which relates to the disposition. of the homeplace is reversed, and it is remanded for further proceedings.
MOTION DENIED.
REVERSED AND REMANDED.
WRIGHT, P. J., and HOLMES, J., concur.