ORRIS OLIVER v. JACOB HILGERS and Others.[1]

December 12, 1902.

Nos. 13,111—(135).

**Trustee in Bankruptcy.**

In an action by a trustee in bankruptcy to set aside a conveyance of property, the trustee is presumed to represent the creditors of the bankrupt, and the burden is upon those who deny his authority to prove the contrary.

**Charge to Jury.**

Certain remarks of the trial judge, made while instructing the jury, considered, and *held* not prejudicial, in view of the entire charge and the evidence.

Appeal by defendants from an order of the district court for Clay county, Baxter, J., denying a motion for a new trial.

*C. A. Nye,* for appellants.

*Charles S. Marden* and *F. H. Peterson,* for respondent.

[1] Reported in 92 N. W. 511.

LEWIS, J.

This action was brought by the trustee in bankruptcy of Jacob Hilgers against the bankrupt and his father and mother for the purpose of setting aside a transfer of real estate alleged to have been transferred to his mother, Mary Hilgers, about one month before filing petition in bankruptcy, for the purpose of defrauding his creditors. The court submitted to the jury the special question whether the conveyance was made with the intention and for the purpose of defrauding the creditors of Jacob Hilgers. A verdict having been returned in the affirmative, and judgment having been ordered for plaintiff, defendants appealed from the order denying a motion for a new trial.

The appeal presents for review only two questions which require notice: First, whether the evidence is sufficient to support the verdict and judgment; second, whether the court erred in giving certain instructions to the jury.

One point made by appellants is that there was no proof that any creditors existed at the time the action was commenced, and that the trustee is prosecuting the action on his own account. It is undisputed that, at the time Hilgers presented his petition in bankruptcy, he was indebted to the extent of about $1,200, and that his assets altogether did not amount to over $100. The trustee in bankruptcy is given authority by the national bankrupt act to take possession of all the property belonging to the bankrupt, and to take such steps as may be necessary to preserve the rights of creditors. We think it is necessarily implied from the language and spirit of that act that the trustee is empowered to proceed to protect the rights of creditors, and to take possession of all property of the bankrupt, without waiting for any proof to be filed by any particular creditors, and that, when it appears that such trustee has been appointed in voluntary bankrupt proceedings, it will be presumed that he represents creditors; and it will also be presumed that the creditors in existence at the time of filing the petition were not paid subsequently, and the burden was upon appellants to show the contrary. Shay v. Security Bank of Duluth, 67 Minn. 287, 69 N. W. 920.

Exception was taken to certain language of the court in instructing the jury, the most important part of which is as follows:

"This is one of the cases that demands your careful investigation, and, while we all have sympathy for any one that has been wronged, there is no evidence that any one has been wronged or will be wronged by finding in the affirmative. The mother of Jacob Hilgers will lose a portion of her claim, if you find in that way, but will she lose anything that she is entitled to have? That, even, is not a question for you to consider. The question is whether that was done for a fraudulent purpose; that is, for the purpose of keeping it away from the creditors. That is the only question before you, and it is important that jurors in cases of this kind should determine these facts regardless of any outside influences,—any sympathies."

This language, when considered by itself, might be understood as containing an intimation on the part of the court that a verdict in favor of respondent would result in no wrong to appellant Mary Hilgers, and for that reason the jury would be justified in finding against her; but when considered in connection with the entire charge, and in the light of all the evidence, we do not think the language was prejudicial. It was evident to the court that the age and condition of appellant Mary Hilgers, and her prior relation to the land in controversy, were likely to have some influence upon the jury, in view of the conduct of the trial; and therefore, for the purpose of advising the jury that the question of sympathy had nothing to do with the case special stress was laid upon that point. We are satisfied that substantial justice was accomplished, and that there was no prejudicial error.

Order affirmed.