### DUNCAN v. PARTIN et al.

(District Court, S. D. Florida. November 14, 1923.)

No. 111.

I. Bankruptcy ⟨⟩302(I)—Bill by trustee in right of certain creditors must show that their claims have been allowed.

A bill by a trustee, brought in the right of certain creditors, must allege that the claims of such creditors have been allowed.

2. Bankruptcy ⟨⟩302(I)—Bill by trustee to set aside voluntary conveyances must allege insolvency of bankrupt when they were made.

A bill by a trustee to set aside conveyances by bankrupt as voluntary must allege that he was insolvent or in failing circumstances when they were made, especially where that was some years prior to the bankruptcy.

In Equity. Suit by J. M. Duncan, trustee in bankruptcy of Oscar Bass, against Ruby Partin, administratrix, and others. On motion to dismiss bill. Granted.

N. B. K. Pettingill, of Tampa, Fla., for complainant.

Olliphant & Olliphant, of Bartow, Fla., for defendant Mann.

Johnson & Garrett, of Kissimmee, Fla., for defendants Partin and others.

CALL, District Judge. On June 22, 1923, the complainant, as trustee of the estate of Oscar Bass, a bankrupt, filed his bill against George W. Mann and others, the wife and daughter, and the administratrix of the estate of the son, alleging various conveyances of real estate to the wife and children without adequate valuable consideration, and the gifts of cattle. It then alleges that, pursuant to an understanding between said bankrupt, said Mann, and two other persons, in order to place the property of the bankrupt beyond the reach of his creditors, in 1919 a promissory note for $8,500 was given said Mann without consideration therefor by the bankrupt and the two other persons, payable in one year, and that subsequently a judgment was obtained on said note, and a large amount of real estate levied upon and sold under the fieri facias issued upon said judgment, and that said Mann bought all said real estate at the sheriff's sale for $5,000, but has never exercised any acts of ownership over same, but, on the contrary, allowed the bankrupt to remain in undisturbed possession, allowing him to dispose of the fruits, crops, etc., for his own benefit. It then charges that the several conveyances, the giving of the promissory note, and permitting the judgment in favor of Mann, and the sale and purchase of the

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

property, were fraudulent as to creditors, and made for the purpose of hindering and delaying such creditors in the collection of their claims. The bill further alleges that certain debts now existing, and scheduled by the bankrupt in his schedules, were contracted prior to the making of any of the conveyances and voluntary gifts attacked by the bill. A motion to dismiss the bill was made by all the defendants, since which time a change in counsel for Mann has taken place, and the counsel for the other defendants no longer represent Mann. This hearing was had on behalf of Mann alone.

[1] The first ground of the motion is that the bill does not state a case against the respondents. It is true that the bill does not allege that the claims of the creditors mentioned have been allowed by the referee, and this is necessary and will require the motion to be granted, but the defect will be readily remedied by amendment. This being the case, I deem it advisable to point out other defects in the bill as I see it.

[2] It is nowhere alleged in the bill that the bankrupt was, at the time of making the conveyances and voluntary gift and the giving of the promissory note, either insolvent or in failing circumstances. This I think is necessary, especially when the transaction complained of occurred so long before the bankruptcy proceedings as in this case. It is settled law that a man may give away his property, if he so desires; but it is equally well settled that he must be solvent before he is generous, and if, while insolvent or in failing circumstances, owing debts, he donates his property to others, thus depriving himself of the power to pay his obligations, such donations will be declared void as against his creditors then existing.

Other contentions were urged in the argument, but I do not think they were well taken. Under the amendment to the Bankruptcy Act, the trustee occupies the position of a creditor having a judgment, with execution issued and a return of nulla bona, and can therefore file a bill to set aside a conveyance in fraud of the creditors. It is not necessary that the creditor represented by the trustee should be in position to file such bill. Nor do I think that the allegations as to the Mann transaction are conclusions merely. The statements following the allegations of collusion between the bankrupt and Mann are statements of fact—badges of fraud—which, if sustained by the evidence, will be considered by the court in arriving at a decision on whether the parties did have the fraudulent design charged.

An order will be entered, granting the motion to dismiss.