W. Earle Costello, as Trustee in Bankruptcy of George L. Emmick, Plaintiff, *v.* Maud L. Emmick, Defendant.

Supreme Court, Chemung County, December, 1923.

Sales — debtor and creditor — transfer of merchandise by husband to wife in payment of notes — sale of merchandise in bulk — transfer valid at common law and under section 35 of the Personal Property Law — invalid under Personal Property Law, § 44 — wife accountable to those who were creditors of husband at time of transfer — bankruptcy — trustee in bankruptcy may bring action for accounting.

A husband at a time when he was indebted to his wife in the sum of over $9,000, for which she held his notes, and indebted to other creditors in the aggregate amount of about $1,400, at the insistence of his wife transferred to her by a contract of sale duly acknowledged all the stock of merchandise in his store, valued at about $2,900, except the merchandise which he retained in an annex to

the store where he continued to do business in his own name. *Held*, that said notes having been surrendered by the wife for cancellation at the time of the execution of the contract of sale, the transfer to her was valid at common law and under section 35 of the Personal Property Law, no intent to defraud having been shown.

No notice having been given to the creditors of the husband under section 44 of the Personal Property Law, the transfer was for that reason void, and in an action by the trustee in bankruptcy of the husband against the wife she will be held accountable to those who were creditors of the bankrupt at the time of transfer for all the fixtures and merchandise which came into her possession by virtue of such transfer.

ACTION for accounting.

*Guy W. Cheney*, for plaintiff.

*Stanchfield, Collin, Lovell & Sayles*, for defendant.

RHODES, J. This is an action brought by plaintiff, as trustee in bankruptcy, against the defendant, seeking for an accounting as to certain real and personal property transferred to her by her husband. It very clearly appears from the record that the defendant, from time to time, loaned money to her husband and that he gave her notes therefor. Most of the money in question was used by him in connection with a store which he was running. The husband's indebtedness to the defendant finally amounted to over $9,000. At that time he owed other creditors in the aggregate amount of about $1,400. At the insistence of the defendant and on the 18th day of December, 1920, the husband executed a deed of certain real estate to the defendant, and also transferred to her by contract all the merchandise in his store, except that in an annex which he retained and conducted as a store in his own name. This contract was dated December 18, 1920, and acknowledged by the defendant and her husband on that day. The papers were immediately left with James O. Sebring, an attorney of Corning, N. Y., to be recorded, Mr. Sebring having acted as attorney for both husband and wife in the preparation of the papers in question. The value of the husband's equity in the real estate transferred was about $800, and the amount of the purchase price of the merchandise which he sold to the defendant is stated in the contract to be $6,500.

The theory of the plaintiff, as outlined in his complaint, is that the deed was fraudulent as against creditors as having been made for the purpose of hindering, delaying and defrauding creditors and being without consideration; that the transfer of the personal property was fraudulent as having been made with the intent to hinder, delay and defraud creditors, and without adequate consideration, and that the attempted transfer of the personal property was void under section 44 of the Personal Property Law for the reason that notice to creditors was not given as required thereby.

The personal property in question consisted of a stock of merchandise attempted to be sold in bulk.

Plaintiff has consented to a dismissal of the complaint in so far as it relates to the real estate.

The facts shown are not sufficient to establish plaintiff's claim that the personal property was transferred without consideration and with intent to hinder and defraud creditors. It is clear that the husband owed the defendant about $9,000. The value of the stock transferred was about $2,900. The defendant paid her husband therefor by surrender and cancellation of her notes, such surrender and cancellation being made at the time of the execution of the contract of sale, December 18, 1920. The transfer was, therefore, valid at common law. *Shotwell* v. *Dixon*, 163 N. Y. 43, and cases there cited. It was also valid within the provisions of section 35 of the Personal Property Law which makes void every transfer of any interest in personal property with *the intent* to hinder, delay or defraud creditors, etc. Therefore, the only remaining ground upon which the transfer can be attacked herein is for a failure to give notice to creditors under section 44 of the Personal Property Law. The statute requires that notice shall be given by registered mail to every creditor specified in said section at least five days before the *taking possession* of said merchandise, or *paying therefor* by the purchaser. As stated above, the defendant paid therefor by surrendering her notes on December 18, 1920. The remaining question of fact is whether or not she took possession of the personal property on that day or later. It is claimed on the part of the defendant that she did not take possession until about January first following, but the contract of sale provides as follows: " The party of the second part [the defendant] agrees to pay to the party of the first part [the husband] the sum of Six Thousand, Five Hundred Dollars ($6,500) upon the execution and delivery of this contract. Possession of the said property is to be delivered by the party of the first part, to party of the second part, upon the delivery of this contract, and payment of said sum." The testimony shows clearly that upon the day of the execution of the said contract, it was left with Mr. Sebring, the attorney, with the deed, to be recorded, and it was stipulated by the attorney for the defendant that it was in the possession of Mr. Sebring, as her attorney, and left with him by her on that day as her attorney. The title certainly passed to the defendant on December 18, 1920, and the title being hers, possession also belonged to her. It is not claimed that the notices were sent out until the following day, December 19, 1920, but the statute in question required them to be sent out at least five days before December

18, 1920. The transfer, therefore, was void as to the then existing creditors of the defendant's husband by virtue of the provisions of section 44 of the Personal Property Law. Defendant insists that the plaintiff, a trustee in bankruptcy of the seller, cannot maintain this action to have the purchaser hold the property in trust for those who were creditors of the seller at the time of the transfer. The trustee in bankruptcy upon his appointment and qualification becomes vested with the title and interest of the bankrupt in and to the bankrupt's property subject to all existing liens and equities which may be asserted against the bankrupt. The trustee in bankruptcy also represents the creditors of the bankrupt. He represents both the bankrupt and the creditors, succeeding to the right and title of the bankrupt for the benefit of his creditors, and in this capacity has rights not possessed by the bankrupt, for instance, the right to recover assets which the bankrupt has conveyed in fraud of his creditors. See 2 Collier Bankruptcy (12th ed.), 1112. Under section 44 of the Personal Property Law the transfer in question is void. Being void, the property so far as then existing creditors of defendant's husband is concerned, belonged to her husband, at least the rights thereto are property belonging to his estate, and such property rights are now vested in the trustee in bankruptcy.

It is claimed by the defendant that the property in question does not belong to all the creditors of the bankrupt who may have proven their claims in bankruptcy, but that the rights in this property belong only to the creditors of the bankrupt whose claims against him existed at the time of the transfer complained of here. Undoubtedly this is true (*Apex Leasing Co.* v. *Litke*, 173 App. Div. 323), but the trustee in bankruptcy, under the Bankruptcy Law, holds all of any bankrupt's property subject to all valid claims, liens and equities. These, necessarily, must be adjusted in any bankruptcy case and are an incident of his position and office. In *Kirkholder & Rausch Co.* v. *Bridgland*, 120 Misc. Rep. 565, the action was brought by a creditor of a bankrupt against a vendee of the bankrupt to whom personal property had been transferred in violation of the provisions of section 44 of the Personal Property Law. The objection was there raised that the action should have been maintained by a trustee in bankruptcy. It appeared that no such trustee was appointed, the bankrupt having no property or estate. Mr. Justice Cunningham, writing the opinion, said: " The defendant claims that if the sale by Bridgland to the Williams Company were void the title to the goods remained in Bridgland and passed to the trustee in bankruptcy and that, therefore, the plaintiff cannot maintain this

action. *Undoubtedly, if a trustee had been appointed he would have had the right to sue to set aside this transfer,* but the difficulty with defendant's contention is that no trustee was appointed in whom title could vest."

It is clear that the property transferred cannot be distributed among the general creditors in bankruptcy, but is only to be distributed *pro rata* among the creditors, including defendant, whose claims existed at the time of the transfer complained of. Apparently the defendant did not receive assets sufficient to pay in full her existing claims and the existing claims of other creditors, so that it does not seem necessary to determine the disposition of any surplus over and above the aggregate of such claims.

Defendant further insists that plaintiff, as trustee in bankruptcy, can pay out any recovery only to such of those creditors whose claims have been allowed in the bankruptcy proceeding; that as to any claims not allowed he has no need of funds to pay them, and that plaintiff has failed in this action to prove the allowance of any claims against the bankrupt and has further failed to prove that he has not sufficient funds to pay any allowed claims. I do not think this necessarily follows. If the trustee in bankruptcy is vested with the title to this property, he holds it subject to existing rights, equities and claims. The existing claims and rights are those of creditors whose rights are established by virtue of section 44 of the Personal Property Law, and not by virtue of the Bankruptcy Law. The plaintiff is vested with the title to this property for the purpose of having these rights determined and for the purpose of permitting the property to be distributed as their rights may appear, as fixed by said section 44. Under the statute, the defendant is held accountable to the vendor's creditors existing at the time of the transfer, for all the fixtures and merchandise which came into her possession by virtue of such transfer.

Plaintiff is, therefore, entitled herein to an accounting by the defendant. Upon that accounting can and should be determined the amount of claims of other creditors existing at the time of the transfer. It would seem that the relief afforded the plaintiff must in the first instance be interlocutory, determining that the plaintiff is entitled to an accounting. The further steps based upon such interlocutory judgment will be an accounting. and it seems to me that such an accounting should be conducted before a referee to be appointed upon motion made by the plaintiff, unless the parties hereto prefer to have the accounting prosecuted before the court.

Judgment is, therefore, directed in favor of the plaintiff as herein indicated, with costs.

Judgment accordingly.