# PORTO RICO CITRUS FRUIT CO. v. KOHN.

Circuit Court of Appeals, First Circuit.
August 2, 1927.

No. 2090.

**1. Equity ⬤⇒361—Bill in fruit company's suit against manager of plantation for accounting and general relief held sufficient, against motion to dismiss containing admissions.**

Bill by citrus fruit company, individually and as assignee, against one previously employed by complainant and others to manage Porto Rican plantations, alleging that, after discharge of defendant, settlement had been made with him on basis of a statement which he rendered, but that such statement was afterwards discovered to be false and fraudulent, because of misappropriation and conversion of funds and property by defendant, and that in attempting to determine correctness of defendant's reports it had discovered that books of account, invoices, receipts, and vouchers had been mutilated and destroyed, and further specifically alleging several conversions of money and property, and praying general accounting and general relief, *held* sufficient, in view of the specific allegations of fraud and conversion, admitted by motion to dismiss.

**2. Compromise and settlement ⬤⇒8(3)—Settlement tainted with fraud and concealed corrupt practices does not bar inquiry into practices and fraud specifically alleged.**

A settlement tainted with fraud and concealed corrupt practices does not bar inquiry by a court of equity into the practices and frauds specifically alleged, and an award of damages accordingly.

**3. Courts ⬤⇒354—Federal courts may grant relief under general prayer, though special relief is prayed under different theory, provided relief granted be agreeable to bill.**

Under federal equity practice, relief may be granted under a general prayer, although under the special prayer in the bill relief is prayed for under a different theory, provided the relief granted under prayer for general relief be agreeable to case made by bill.

**4. Account stated ⬤⇒11—Bill to open account stated and settled, and to falsify it for specific fraudulent acts, must allege acts relied on.**

In bill to open an account stated and settled, and to falsify it for specific fraudulent acts, the fraudulent acts or practices relied on must be alleged.

**5. Account stated ⬤⇒12—Stronger evidence is necessary to falsify account settled than account stated.**

Stronger evidence is required to falsify an account settled than an account stated.

Appeal from the District Court of the United States for the District of Porto Rico; Ira K. Wells, Judge.

Suit by the Porto Rico Citrus Fruit Company against John M. Kohn. From a decree of dismissal, plaintiff appeals. Decree reversed, and action returned for further proceedings.

Carroll G. Walter, of New York City (Charles D. Francis, of New York City, and J. Henri Brown, of San Juan, Porto Rico, on the brief), for appellant.

Francis E. Neagle, of New York City (Rounds, Dillingham, Mead & Neagle, of New York City, on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is an appeal in equity from the District Court of the United States for the District of Porto Rico, sustaining a motion to dismiss the bill of the plaintiff. The errors assigned are in substance that the court erred in dismissing the bill, on the ground that its allegations were not sufficient to entitle the complainant to relief in equity.

The complainant is a corporation organized and existing under the laws of the state of New York, and authorized to do business in Porto Rico, and the defendant a citizen of the United States domiciled there.

[1] The bill alleges that the complainant, with seven other corporations organized under the laws of the state of New York and authorized to do business in Porto Rico, jointly employed the defendant as manager of their plantations in Porto Rico; that such employment began about the month of January, 1920, and continued to January 15, 1925; that the defendant, as such manager, was during this time in possession and control of the real and personal property, including large sums of money, of these corporations, and was charged with the conduct of their business in Porto Rico, and required to make weekly itemized reports of receipts and expenditures, and account for funds and property in his hands; that on or about January 15, 1925, the defendant was discharged as such manager, and a settlement was had with him upon a statement which he rendered, but that this statement was afterwards discovered to be false and fraudulent, because of the misappropriation and conversion of funds and property of these corporations by the defendant; and that in attempting to determine the correctness or falsity of the defendant's reports it was discovered that books of account kept by the defendant to show his transactions as manager of said corporations had been mutilated, and invoices, receipts, and other vouchers destroyed. The bill specifically alleges several conversions of money and property of these

corporations by the defendant; that he has been requested to account for and pay over moneys and transfer properties appropriated by him and converted to his own use; and that he has admitted some of the conversions and misappropriations specifically alleged, and as to those alleged upon "information and belief" has stated that he will pay such sums as the complainant and the other corporations may be able to prove he is owing.

In its prayer for relief the complainant prays that the defendant be ordered and required to set forth a list or schedule and description of every book, invoice, letter, note, memorandum, canceled check, check stub, paper, or writing relating to his employment, and deposit the same in the office of the clerk of the court, or account for such as are not in his possession; that he be required to set out a detailed and perfect account as to all the transactions during the term of his employment; and that the court decree that he pay whatever amounts shall be due from him to the complainant and to the other corporations who have assigned all their claims against him to the complainant.

The District Judge, in his opinion, states that in some eight paragraphs of the bill special charges are made against the defendant for wrongful conversion of money and property, "which, if true, and they must be taken as true in considering this motion to dismiss, would entitle the plaintiff to equitable relief," and concludes his opinion as follows: "While I am satisfied that the first 15 paragraphs of the bill of complaint, if true, would entitle the complainant to equitable relief, yet I do not believe that any part of said bill entitled plaintiff to the relief prayed for, and the motion to dismiss is sustained."

The defendant, in support of his motion to dismiss, contends that, as a settlement was made with the defendant at the time his employment ceased, as alleged in the bill, the complainant is not entitled to an accounting which would cover the whole term of the defendant's employment, in view of the fact that weekly reports were made by him of receipts and expenditures, and that at the end of his employment there was an account stated and settled.

[2] If the statement made by the defendant, upon which a settlement was made with him, was tainted with fraud and concealed corrupt practices, it does not bar an inquiry by a court of equity into the practices and frauds specifically alleged, and an award of damages by its decree. This is so fundamental that no citation of authorities is necessary. There were, as the District Judge below found, spe-

cific allegations in the bill of fraud and corrupt practices which were not disclosed by the defendant in his statement.

The bill alleges that the defendant "was required to make weekly itemized reports of all receipts and expenditures to the said employer corporations." It also alleges that a settlement was made with the defendant "upon his own statement, which complainant and said other corporations then assumed to be correct, but which was afterwards discovered to be false and fraudulent as hereinafter set out," and that, upon attempting "to check up and investigate the correctness of defendant's weekly reports of receipts and expenditures," it was found that the defendant had mutilated books in which accounts of the business of the complainant and the other corporations were kept by the defendant, and that he had destroyed "practically all invoices, receipts, vouchers, and other papers necessary to be examined to determine the correctness or falsity of defendant's reports."

[3, 4] While the prayer of the bill is for a general accounting, covering the whole period of the defendant's employment, it also contains a prayer for general relief. Under federal equity practice relief may be granted under a general prayer, although under the special prayer in the bill relief is prayed for under a different theory, provided the relief granted under the prayer for general relief be agreeable to the case made by the bill. Lockhart v. Leeds, 195 U. S. 427, 436, 25 S. Ct. 76, 49 L. Ed. 263. The District Court has found and ruled that the specific allegations of fraud entitled the complainant to equitable relief, but that it was not entitled to the relief prayed for. We think the bill may be treated in substance as one asking to open an account stated and settled, and to falsify it for the specific fraudulent acts alleged. Under such a bill the fraudulent acts or practices relied upon must be alleged. In Chappedelaine v. Dechenaux, 4 Cranch, 306, 6 L. Ed. 629, the court said: "No practice could be more dangerous than that of opening accounts which the parties themselves have adjusted, on suggestion supported by doubtful or by only probable testimony. * * * The whole labor of proof lies upon the party objecting to the account, and errors which he does not plainly establish cannot be supposed to exist." In Stearns v. Page, 7 How. 819, at page 829, 12 L. Ed. 928, the court said: "Charges must be definite and reasonably certain, capable of proof, and clearly proved. If a mistake is alleged, it must be stated with precision, and made apparent, so that the court may rectify it with a feeling of certain-

ty that they are not committing another, and perhaps greater, mistake." See Lockwood v. Thorne, 11 N. Y. 170, 62 Am. Dec. 81. In Philips v. Belden, 2 Ed. Ch. (N. Y.) 1, the law is stated as follows: "If either party attempts to impeach the settlement and to open the accounts for re-examination, either wholly or in part—and which can only be done on the grounds of fraud, mistake, or error—the burden of proof rests upon the party impeaching, and he must prove the fraud, or point out the error or mistake, on which he relies."

[5] Stronger evidence is required to falsify an account settled than an account stated. McIntyre v. Warren, 3 Abb. Dec. (N. Y.) 99; Chubbuck v. Bernam, 42 N. Y. 432.

The allegations of fraud beyond the specific allegations were of such a general and indefinite nature as to indicate that they were based only upon suspicion, and if the bill had contained no specific allegations of fraud and conversion, the decision of the District Court in granting the motion to dismiss would have been right; but, as there were specific allegations of fraud, which were admitted by the motion to dismiss, the complainant is entitled to a decree that the defendant should pay to it the money and value of the property which under these allegations he has converted to his own use.

The decree of the District Court is reversed, and the action is returned to that court for further proceedings not inconsistent with this opinion; the appellant recovers costs in this court.

ANDERSON, Circuit Judge, concurs in the result.