S. W. SHAW, Trustee, Plaintiff, Appellee, v. IRVING F. PLAINE et al., Defendants, and M. M. VALERIUS, Intervenor, Appellants.

No. 42439.

JUNE 23, 1934.

Carl P. Knox, for appellants.

W. F. Moore, for appellee.

DONEGAN, J.—This is an action in equity brought by the plaintiff, as trustee in bankruptcy of the defendant, Frank Irving Plaine, to set aside a deed executed by said defendant to his wife and co-defendant, Neva F. Plaine, on the ground that the same was made for the purpose and with the intent of delaying and defrauding his creditors. The deed in question conveyed an undivided one-half interest in approximately 74 acres of land, and did not include

40 acres which were claimed as a homestead. The entire 114 acres were originally owned by Frank L. Plaine, father of defendant, Frank Irving Plaine. Said Frank L. Plaine died intestate about thirty years before the beginning of this action, leaving as his surviving spouse, Emma Plaine, and as his only heirs, the defendant, Frank Irving Plaine, and his daughter, Vera H. Plaine, now Vera H. Doyel. The said surviving spouse and mother, Emma Plaine, died in January, 1932, never having remarried, leaving surviving her the said Frank Irving Plaine and Vera H. Doyel as her only heirs. The said mother and the defendant, Frank Irving Plaine, continued to occupy the said land, and no action was ever taken to set aside the homestead in said land to said mother, Emma Plaine. Shortly after the death of said mother, Emma Plaine, Frank Irving Plaine married his present wife and codefendant, Neva F. Plaine.

On January 5, 1928, the said Emma Plaine, widow, Frank Irving Plaine, and Vera H. Doyel, her husband joining, executed to the Federal Land Bank of Omaha a note, secured by mortgage, in the sum of $2,700, covering the entire 114 acres. Said mortgage was never satisfied, and at the time of the trial of this action it was in process of foreclosure and it appears that there was approximately $3,800 due and unpaid thereon. On April 8, 1932, the same day upon which defendant, Frank Irving Plaine, filed his voluntary petition in bankruptcy, he executed and delivered to his wife and codefendant, Neva F. Plaine, two separate warranty deeds, one of said deeds (that involved in this action) covering an undivided one-half interest as heir at law of Frank L. Plaine, deceased, in and to all of said land except the 40 acres including the dwelling house and buildings claimed as a homestead, and the other of said deeds covering the said 40 acres which included the dwelling house and buildings claimed as a homestead. On the same day Neva F. Plaine and Frank Irving Plaine executed and delivered to V. A. Knox a mortgage for $200 covering the entire 114 acres of said land including the homestead, which mortgage was later assigned to M. M. Valerius, the intervenor herein. After said Frank Irving Plaine had filed his petition and schedules in bankruptcy a hearing was had and the plaintiff, S. W. Shaw, was appointed as trustee in bankruptcy.

On August 25, 1932, upon application of plaintiff as trustee in bankruptcy for authority to bring an action to set aside said

two deeds executed by Frank Irving Plaine to his wife, Neva F. Plaine, an order was entered authorizing him to bring an action to set aside the deed to the 74 acres which did not include the homestead, but he was forbidden to bring any action to set aside the other deed which included the homestead. Pursuant to such order this action was commenced by the plaintiff, and upon trial in the district court of Guthrie county, that court entered a decree in favor of the plaintiff. From this decree the defendants and intervenor appeal.

Several propositions are presented and argued by appellants, but we have not been favored with any brief or argument on behalf of appellee. We deem it sufficient to consider only two of the propositions presented by the appellants.

It appears in the evidence on the trial of the case that, at the time of the trial, the amount due upon the mortgage executed to the Federal Land Bank of Omaha was approximately $3,800. In addition to this, there was the second mortgage for $200 upon an undivided one-half interest of the defendant appellant in said 114 acres, which was given to V. A. Knox and later assigned to the intervenor, M. M. Valerius. Said M. M. Valerius filed a petition of intervention setting up the priority of his mortgage to any right of the plaintiff in the said land, and the plaintiff filed no answer thereto. It may be assumed, therefore, that the total amount of secured indebtedness against said land amounted to approximately $4,000. The evidence introduced as to the value of the land placed the value of 18 acres lying west of the homestead at from $30 to $40 an acre, and the value of the remaining 56 acres was estimated at from $50 to $60 an acre. Even if the highest estimate be taken, the total value of the 74 acres would be only $4,180, leaving less than $200 of an equity for the trustee to dispose of for the benefit of creditors. It hardly seems probable that the bankrupt's undivided interest in this land could be sold upon the basis of the highest price at which the value of the land as a whole was estimated, and it does not seem quite reasonable that the trustee should go to the expense and trouble incurred in the sale of the bankrupt's interest in the land, unless there is at least a probability of deriving some benefit for the creditors. In our opinion, such probability does not exist in this case.

The appellants further contend that, in any event, the trustee was not entitled to a decree setting aside the conveyance of the 74

acres by the bankrupt to his wife, because there is no evidence that any claims of creditors were either filed or allowed in the bankruptcy proceedings. In Crary v. Kurtz, 132 Iowa 105, 105 N. W. 590, 593, 109 N. W. 452, 119 Am. St. Rep. 549, this proposition was before this court, and, through Mr. Justice Ladd, we therein said:

"He (the trustee) may question the bona fides of the transfer of the debtor's property in the interest of those creditors only to whom he may distribute the estate which shall come into his hands. That outstanding obligations exist is not enough. Unless these are established and allowed, as authorized by statute or the act of Congress, he has no authority to pay them from moneys that may come in his hands, to say nothing of the property the debtor has transferred to others. And, unless it appears that the representative of the creditors may appropriate the proceeds of property in the hands of third parties to the satisfaction of the debtor's obligations, setting aside transfers to them as fraudulent would be of no practical advantage. Section 57 of the bankruptcy act (30 Stat. 560, 561 [U. S. Comp. St. 1901, p.3444]) provides for the proof, adjudication, and allowance of the claims of creditors, and section 65 (30 Stat. 563, 564 [U. S. Comp. St. 1901, p. 3448]) directs the declaration of dividends 'on all allowed claims.' Where no claims are allowed, there are no dividends to be paid by the trustee, and therefore no occasion to interfere with property in the hands of third persons. To entitle the trustee to relief, the assets must appear insufficient to satisfy the claims of creditors. Deland v. Miller & Cheney Bank, 119 Iowa 371, 93 N. W. 304. In the absence of any claims, the sufficiency of the assets is manifest."

The decision in the case of Crary v. Kurtz was followed and affirmed in the case of Newman v. Callahan, 212 Iowa 1003, 237 N. W. 514, 515, wherein we said:

"The first question raised is that this trustee has no standing in court because he has not made such showing as would warrant the court in granting him any relief, in that in his official capacity, to maintain an action of the present kind, he must first make a showing that, in the estate in which he is trustee, creditors' claims have been filed and allowed, and that he needs the proceeds of this property, which is alleged to have been fraudulently transferred, for the payment of such creditors. There is no showing whatever in

this record that any claims have been filed with the trustee and allowed in either the estate of Charles or Lenore Callahan."

The opinion then quotes the portion of the opinion in the Crary case above set out and proceeds to say:

"The rule laid down in the above-entitled case has been consistently followed by this court in Crowley v. Brower, 201 Iowa 257, 207 N. W. 230, and Hoskins v. Johnston, 205 Iowa 1333, 219 N. W. 541.

"The plaintiff having failed to establish that there were claims filed in the bankruptcy proceedings, and that such claims had been duly allowed, he is not in a position to maintain this action."

We have examined the record and find no evidence whatsoever as to the filing or allowance of any claims against the bankrupt's estate. We therefore conclude that in the absence of any such evidence the plaintiff-appellee had no right to maintain the action to set aside the conveyance involved in this case.

The decree and judgment of the district court is, therefore, reversed.—Reversed.

CLAUSSEN, C. J., and all Justices concur.