McLean v. Green.

(Division B. Oct. 22, 1934.)

[157 So. 251. No. 31372.]

184

W. C. Eastland, of Doddsville, and Moody & Johnson, of Indianola, for appellant.

Frank E. Everett, of Indianola, for appellant.

**Cooper & Thomas** and **Neill & Clark**, all of Indianola, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee, as trustee of the estate of R. D. McLean, voluntary bankrupt, filed his bill in the chancery court of Sunflower county against appellant, the wife of said McLean, to set aside as fraudulent, as to the rights of the creditors of the bankrupt, a transfer of a lot of real and personal property made by the bankrupt to his wife more than four months before the adjudication of bankruptcy. There was an amendment to the bill and a hearing on demurrer and motion to dissolve the injunction. The motion to dissolve was overruled, and this appeal granted to settle the principles of the cause.

Among the property transferred by the bankrupt to appellant was a cause of action in his favor pending against the Staple Cotton Co-operative Association for something over ten thousand dollars. There was an amendment filed to the original bill setting up that appellant was about to settle this suit with the cotton association by compromise; that under the terms of the compromise the cotton association would pay over to her within a few hours the sum of seven thousand five hundred dollars, which she would fraudulently make way with and place beyond the reach of the bankrupt's creditors. The amendment requested a preliminary in-

junction prohibiting appellant, or any one for her, from concealing, spending, making way with or otherwise disposing of the seven thousand five hundred dollars until after the final adjudication as to who was entitled to the money. A temporary injunction was issued as prayed for, followed by a demurrer to the bill, and a motion to dissolve, resulting as above stated.

The bill is silent as to whether or not at the time it, or the amendment, was filed any of the creditors of the bankrupt had proven and had their claims allowed. Appellant contends that proven and allowed claim or claims were a condition precedent to the right of the trustee to maintain the bill. Copies of the proceedings in the bankruptcy court were made exhibits to the bill, among which is a copy of the bankrupt's schedule of his indebtedness. The bill alleged that the bankrupt was indebted to various creditors in sundry amounts growing out of the mercantile, plantation, and other businesses conducted by him, that a portion of the indebtedness aggregated one hundred thirty-two thousand eight hundred seventy-five dollars and twenty-nine cents. The names of the creditors were set out in the schedule with the respective amounts due them. The bill alleged that the "schedules constitute a statement of debts of the said R. D. McLean, Bankrupt, filed with his petition in bankruptcy and duly sworn to on the 14th day of March, A. D. 1933, in the Bankrupt Court, under cause No. 1570, United States District Court, Northern District of Mississippi, Delta Division." The bill contains a description of the property, real, personal, and choses in action owned by the bankrupt and charges that it was fraudulently transferred to his wife without consideration for the purpose of hindering, delaying, and defeating the creditors whose claims were scheduled, and that she knew of and participated in such fraud, and that the recovery of the property was necessary in order to pay the debts of the bankrupt.

Appellant's contention that a creditor's bill to set aside a fraudulent transfer by a trustee in bankruptcy must allege that there are proven and allowed claims against the bankrupt's estate, and, in addition, that the recovery of the transferred property is necessary in order to pay such debts, is supported by ample authority before and since the 1910 amendment of section 47 of the Bankruptcy Act (11 U. S. C. A., sec. 75). 7 C. J., pp. 247-249; 2 Collier on Bankruptcy (13 Ed.), pp. 1770-1782. The basis of those authorities is the common-law rule that a creditor, before he can attack a transfer by his debtor as fraudulent, must have obtained a judgment and had a writ of execution thereon returned nulla bona. They hold that a trustee in bankruptcy has no greater right in that respect than the creditors. However, since the 1910 amendment to section 47 of the Bankruptcy Act (11 U. S. C. A., sec. 75), some of the courts have departed from that principle. Costello v. Emmick, 122 Misc. 114, 203 N. Y. S. 123, 2 Am. Bankr. Rep. (N. S.) 519; Frank v. Stearns, 111 Neb. 101, 195 N. W. 949, 198 N. W. 480, 3 Am. Bankr. Rep. (N. S.) 266; Evans v. Wood, 41 Idaho, 679, 241 P. 609, 7 Am. Bankr. Rep. (N. S.) 184; Battle v. Williford, 160 Ga. 289, 127 S. E. 763, 6 Am. Bankr. Rep. (N. S.) 182.

The 1910 amendment to section 47 of the Bankruptcy Act provides, among other things, that as to all property not in the custody of the bankruptcy court the trustee shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied. It does not provide that the claims of such creditors must have been previously proven and allowed by the bankruptcy court. Without the amendment the trustee had the right to attack a fraudulent transfer by the bankrupt to defeat his creditors, where the creditors' claims had been proven and allowed, and the recovery of the property trans-

ferred was necessary to pay such claims. In such a case the amendment was wholly unnecessary.

We think one of the main purposes of the amendment was to give the trustee substantially the same powers as are given creditors by section 407, Mississippi Code of 1930. That section provides, among other things, that the chancery courts of this state shall have jurisdiction of creditors' bills to set aside fraudulent transfers by debtors where the creditors have not obtained judgments followed by executions returned nulla bona.

Although it appears that the great weight of authority, in number of decisions, is the other way, we think the better rule is that the 1910 amendment gave the trustee the same powers as to the schedule debts of the bankrupt, unproven and unallowed, that he would have if proven and allowed. He is treated as a nulla bona judgment creditor as to all such debts until the contrary is made to appear in the proceedings to set aside the transfer as fraudulent. In such a case it devolves upon the defendant in the creditor's bill to show that there are no debts or that there are sufficient assets to pay the debts of the bankrupt without setting aside the transfer. Creditors have six months after the adjudication of bankruptcy within which to prove their claims. Under the majority rule, if no debts are proved until shortly before the expiration of that period, a fraudulent transferee of the bankrupt's property could easily dissipate the property before it could be reached by the trustee. On the other hand, little harm could result to a transferee who had acquired the property in good faith and for value.

Affirmed and remanded.