In the Matter of the Application of Abraham Schnall, Petitioner, for a Mandamus Order against Harry J. Hill, Justice of the Peace of the Town of Eastchester, County of Westchester, Defendant. Abraham Schnall, Appellant; Harry J. Hill, Justice of the Peace, Town of Eastchester, County of Westchester, New York, Respondent.— In a proceeding instituted to procure a peremptory or an alternative mandamus order against the respondent, a justice of the peace of the town of Eastchester, county of Westchester, order denying petitioner's motion for a peremptory or an alternative order of mandamus affirmed, with costs, as a matter of law and not in the exercise of discretion. No opinion. Carswell, Adel, Taylor and Close, JJ., concur; Lazansky, P. J., not voting.

Emily Haddad Kiamie, Respondent, v. George Kiamie, Appellant.— In an action for separation, orders respectively granting plaintiff's motion for temporary alimony and counsel fees, and denying defendant's motions to dismiss the complaint and to compel plaintiff to give security for costs, affirmed, with ten dollars costs and disbursements. Defendant has leave to answer within ten days from the date of this decision. No opinion. Hagarty, Davis, Johnston and Taylor, JJ., concur; Lazansky, P. J., not voting.

Ben Kimmelsman, Respondent, v. Nathan Bishop, Elizabeth Bishop, N. Bishop & Co., Inc., and Bishop & Company, Inc., Appellants.— Order denying defendants' motion to dismiss the complaint modified by granting the motion as to the fourth and eighth separate causes of action, and as so modified affirmed, without costs. The first, second, third, fifth, sixth, seventh and ninth causes of action set out in the complaint properly state causes of action to have transfers of property set aside on the ground of fraud pursuant to the provisions of article 10 of the Debtor and Creditor Law. The fourth and eighth causes of action are actions at law, demanding money judgments on the same claim on which plaintiff already has a money judgment against the individual defendant, as alleged in paragraph twelfth of the complaint. These causes of action are not within the purview of section 278 of *  Debtor and Creditor Law. Carswell, Adel, Taylor and Close, JJ., concur; *  ky, P. J., not voting.

Zacarias Kolitz, r  ,nt, v. George Vazulas and Matilda Vazulas, Appellants.— Appe?'  .endants from an interlocutory judgment in favor of plaintiff, adjudgir  ,laintiff and defendant George Vazulas were copartners in a restaurant  ., directing the dissolution of the partnership, appointing a receiver to  business and the real property upon which the business is conducted  premises are adjudged to be copartnership property, subject to the J'  .efendant Matilda Vazulas for moneys invested. Interlocutory judgr  .nimously affirmed, with costs. In our opinion there was no error of la  .pon the facts the judgment was not against the weight of the evidence. A'  om the decision is dismissed; an appeal does not lie therefrom. Present .arty, Johnston, Adel and Taylor, JJ.; Lazansky, P. J., not voting.