**IRVING TRUST CO. v. KAMINSKY et al.**

District Court, S. D. New York.
Oct. 6, 1937.

Charles Seligson, of New York City, for plaintiff.

David W. Kahn, of New York City, for defendants Harry W. Kaminsky, Charles W. Kaminsky, Sam Kaminsky, Hyman Raichlen, 102 Stevens Avenue Corp., Aler Realty Corp., Gramatan Court Realty Co., Inc.

PATTERSON, District Judge.

The motion is to dismiss six of the seven counts in the amended bill, on the ground that no cause of action is stated.

The suit is brought by the trustee in bankruptcy of one Kaminsky. It is based on section 70 (e) of the Bankruptcy Act, as amended, 11 U.S.C.A. § 110(e), to the effect that "the trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided." While the first count relates to an alleged transfer in fraud of creditors, it does not charge such a transfer in the usual way. The gist of the charge is that prior to bankruptcy and at a time when he was insolvent Kaminsky determined to get rid of his assets and formed a plan to hinder, delay, and defraud his creditors; that among his assets was the entire capital stock of a company; that some nine months before bankruptcy he caused the company to transfer all its assets to his son Harry, one of the defendants, without consideration; that Harry then transferred the assets to new companies in exchange for their capital stock; that Kaminsky's stock was thus rendered worthless while his son got the entire

assets of the company; that the transfers of the corporate property were made in execution of the plan to cheat his creditors. There are further allegations to the effect that Kaminsky had complete control and dominion over the company, and used and controlled its assets as thoroughly as if his own, the company being merely used for his convenience in handling the property.

The second and third counts cover similar transactions whereby Kaminsky is alleged to have caused two other "convenience" companies to transfer all their assets without consideration, in one case to a son Charles, and in the other to a new company, the capital stock of which was held by two other relatives. These transfers are alleged to have been made in furtherance of the same plan to hinder, delay, and defraud Kaminsky's creditors. The fourth, fifth, and sixth counts allege direct transfers of certain other assets in fraud of creditors or as preferences.

1. The defendants' main argument is directed against the first three counts. It is said that in none of them is it shown that the bankrupt made any transfer of his own property, that the only property said to have been transferred was the property of the companies, that accordingly no cause of action for fraudulent transfer under section 70(e) is made out. But this is putting too literal a construction on the section and too technical a view on the transactions alleged to have taken place.

By definition in section 1(25) of the Bankruptcy Act, 11 U.S.C.A. § 1(25), " 'transfer' shall include the sale and every other and different mode of disposing of or parting with property, or the possession of property, absolutely or conditionally, as a payment, pledge, mortgage, gift, or security." "Transfer" is used in its most comprehensive sense, to include every method by which property can pass and by which the result forbidden by the statute may be brought about. Pirie v. Chicago Title & Trust Co., 182 U.S. 438, 21 S.Ct. 906, 45 L.Ed. 1171. Thus, a "transfer" is made by a bankrupt although he may have been altogether passive, as where his property is taken from him on execution sale. Adler v. Greenfield, 2 Cir., 83 F.2d 955.

Kaminsky did not part with his shares of stock. But by causing his companies to transfer their entire assets to his favored kinsmen, he arrived at the same destination in a roundabout way, and the fraud which the transfers worked on his creditors was as real as if he had taken the direct route. In order to circumvent such a fraud, the fiction of the corporate entity will be ignored and the transfers treated as what in effect they were, transfers by the bankrupt of his own property. A person may not make use of a separate corporate existence to evade his liabilities. See In re Watertown Paper Co., 2 Cir., 169 F. 252, 256; Bank v. Trebein Co., 59 Ohio St. 316, 52 N.E. 834. By the law of New York transfers like those involved in this suit are taken as fraudulent in a suit by creditors of the debtor and may be avoided by them. Kimmelsman v. Bishop, 251 App.Div. 724, 295 N.Y.S. 601. By force of section 70(e), the trustee in bankruptcy has the same right of avoidance.

It is said that for all that appears the companies may have creditors of their own and that the rights of such creditors would be sacrificed by disregard of the corporate entities. But it is not of paramount importance now whether the companies have creditors. It is quite possible that corporate existence be recognized as to some relationships and disregarded as to others. Corsicana Nat. Bank v. Johnson, 251 U.S. 68, 40 S.Ct. 82, 64 L.Ed. 141. If it should develop that there are creditors of the companies with rights superior to those of the bankrupt's creditors, a way will be found to protect or leave unimpaired their rights.

The specific relief asked for in the amended bill does not include a prayer for avoidance of the transfers complained of. There is a prayer for general relief, however, and under that prayer the plaintiff may have any kind of equitable relief agreeable to the facts pleaded. Young & Vann Supply Co. v. Gulf, F. & A. Ry. Co., 5 Cir., 5 F.2d 421; Porto Rico Citrus Fruit Co. v. Kohn, 1 Cir., 20 F.2d 705. The sufficiency of the pleading depends on the facts alleged in it rather than on the propriety of the special prayer for relief, there being included a prayer for general relief. That the amended bill is actually one to set aside fraudulent transfers under section 70(e) is made clear by particular averment to that effect as well as by the facts pleaded, and as pleadings of that character the first three counts state good causes of action.

2. The defendants have a further point. In none of the six counts under attack is it alleged that claims have been filed by creditors against the bankrupt estate, and it is urged that without such an allegation no cause of action by a trustee in bankruptcy to avoid a transfer in fraud of creditors is stated. There are a few cases that support this point. Duncan v. Partin, 293 F. 940, D.C.Fla.; Shaw v. Plaine, 218 Iowa 622, 255 N.W. 686; Fernhaber v. Cream City Cartage Co., 176 Wis. 75, 186 N.W. 175. But the weight is the other way, to the effect that such an allegation is not essential. Gering v. Leyda, 8 Cir., 186 F. 110; In re Rury, 9 Cir., 21 F.2d 881; Booth v. Bates, 215 Ala. 632, 112 So. 209; Oliver v. Hilgers, 88 Minn. 35, 92 N.W. 511; McLean v. Green, 171 Miss. 183, 157 So. 251; Dickey v. Thompson, 323 Mo. 107, 18 S.W.2d 388; Costello v. Emmick, 122 Misc. 114, 203 N.Y.S. 123; Remington on Bankruptcy, § 2247. I am of opinion that the plaintiff's pleading is not defective in this respect.

The motion to dismiss the six causes of action will be denied.