Jack **DORMAN**, as Trustee in Bankruptcy of Econo-Car Metropolitan, Inc., Bankrupt, Plaintiff,

v.

Robert **HAMMONDS**, Thomas F. **Milbank**, E. Muray Todd, Regal Rent-A-Car, Inc., also known as Regal Holiday, Inc., also known as Regal Holiday Systems, Inc. and Auto Americas Systems, Inc., Defendants.

No. 68 Civ. 1298.

United States District Court
S. D. New York.

July 31, 1968.

Levy, Levy & Ruback, New York City, for plaintiff.

Putney, Twombly, Hall & Skidmore, by Howard Ordman, New York City, for defendant Milbank.

## MEMORANDUM

EDELSTEIN, District Judge.

This is a motion to dismiss the complaint only as to defendant Thomas F. Milbank, one of five defendants. Milbank was a stockholder, officer and director of Econo-Car Metropolitan, Inc., a New York corporation, petitioned into bankruptcy in this court in March 1966. Plaintiff is the trustee in bankruptcy of Econo-Car. Milbank, a New York resident, has not consented to this court's jurisdiction.

Plaintiff alleges that Milbank violated Section 720 of the New York Business Corporation Law, McKinney's Consol. Laws, c. 4, which provides as follows:

Action against directors and officers for misconduct * * *

(1) To compel the defendant to account for his official conduct in the following cases:

(A) The neglect of, or failure to perform, or other violation of his duties in the management and disposition of corporate assets committed to his charge.

(B) The acquisition by himself, transfer to others, loss or waste of corporate assets due to any neglect of, or failure to perform, or other violation of his duties.

(2) To set aside an illegal conveyance, assignment or transfer of corporate assets, where the transferee knew of its illegality.

The trustee predicates this court's jurisdiction over this matter on Section 23(b) (11 U.S.C. § 46(b)) and Section 70(e) Subsections 1 and 3 (11 U.S.C. § 110(e) Subsections 1 and 3) of the Bankruptcy Act.

Section 23(b) is a general jurisdictional section:

(b) Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this title had not been instituted, unless by consent of the defendant, except as provided in sections 96, 107 and 110 of this title.

Although under Section 23(b) actions of the sort at bar belong in the state courts, the trustee has attempted to bring this action under Section 70(e), one of the exceptions enumerated in Section 23(b). That section provides, in relevant parts:

(e) (1) A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this title which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this title, shall be null and void as against the trustee of such debtor.

(3) For the purpose of such recovery or of the avoidance of such transfer or obligation, where plenary proceedings are necessary, any State court which would have had jurisdiction if bankruptcy had not intervened and any court of bankruptcy shall have concurrent jurisdiction.

■ The trustee has cited several cases to show that under the facts as alleged there exists a state cause of action. However that might be, the existence of a state cause of action does not confer jurisdiction upon a federal court. The trustee has cited Merriam v. Venida Blouse Corp., 23 F.Supp. 659 (S.D.N.Y. 1938) and Irving Trust Co. v. Kaminsky, 22 F.Supp. 362 (S.D.N.Y.1937) as examples of judgments against defendants who did not receive the assets of a bankrupt but who nevertheless acquiesced or participated in the alleged fraudulent transfers. In neither *Merriam* nor *Kaminsky* was the question of jurisdiction discussed. In addition, *Kaminsky* was not a final judgment but merely a denial of a motion to dismiss. Furthermore, under the view of the law and the facts taken by the courts in *Merriam* and *Kaminsky*, the defendants did receive the assets or were alleged to have received the assets of a bankrupt.

■ Since the trustee is not suing defendant Milbank to set aside a fraudulent transfer, but is instead suing for an alleged violation of Milbank's corporate responsibilities, and since the exception to Section 23(b) contained in Section 70(e) of the Bankruptcy Act applies by its very terms to actions against transferees and not to the facts as alleged in the case at bar, defendant Milbank's motion must be granted.

So ordered.